**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michael GANT, Defendant—Appellant.**

No. 06–10237.

United States Court of Appeals, Ninth Circuit.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Argued and Submitted Dec. 6, 2006.*

Filed Feb. 7, 2007.

Margaret M. Stanish, Esq., USLV—Office of the U.S. Attorney, Lloyd George Federal Bldg., Las Vegas, NV, for Plaintiff-Appellee.

Anne R. Traum, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant-Appellant.

Before: NOONAN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Michael Gant ("Gant") appeals his 18-month prison sentence imposed following the revocation of his supervised release, alleging that the district court erred by failing to state its reasons, pursuant to 18 U.S.C. § 3553(c)(2), for departing from the 3–9 month range provided in United States Sentencing Guideline § 7B1.4 and by considering impermissible factors in determining Gant's sentence, in violation of 18 U.S.C. § 3583(e). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.

Because Gant did not raise the alleged sentencing errors in district court, we review for plain error. *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton,* 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). If the first three prongs of the plain error test are met, "an appellate court may exercise its discretion to notice a forfeited error that (4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Cotton,* 535 U.S. at 631, 122 S.Ct. 1781).

In the present case, it is not necessary to decide whether either alleged error satisfies the first three conditions of the plain error test because—even assuming they do—Gant cannot demonstrate that either forfeited error seriously affected the fairness, integrity, or public reputation of judicial proceedings in this case and we there-

---

* United States v. Issa, No. 06–10220, and United States v. Gant, No. 06–10237, were companion cases for the purpose of oral argument. These cases will be decided separately.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

fore may not exercise our discretion to notice the alleged errors. *See Johnson v. United States*, 520 U.S. 461, 469–70, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Barajas–Montiel*, 185 F.3d 947, 953 (9th Cir.1999). Gant's sentence is within the statutory maximum of 18 U.S.C. § 3583(e)(3) and the record, viewed in its entirety, reasonably justifies the sentence imposed.[1] In light of the apparent substantive reasonableness of Gant's sentence, we conclude that no "miscarriage of justice" will result if we do not notice the forfeited errors. We therefore decline to do so. *See Johnson*, 520 U.S. at 469–70, 117 S.Ct. 1544.

**AFFIRMED.**

---

1. We recognize that § 3553(c)(2) errors may affect the fairness, integrity, or public reputation of judicial proceedings insofar as they hinder this court's ability to review a sentence for substantive reasonableness. However, no such concern is raised in this case because the record as a whole sufficiently justifies Gant's sentence.

