**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 22, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THOMAS ACEVEDO,

    Defendant - Appellant.

No. 05-4284

D. Utah

(D.C. No. 2:05-CR-191-DB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Thomas Acevedo claims the sentence imposed upon him is unreasonable. The district court did not articulate specific reasons justifying an upward

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"departure" or a "variance."[1]  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(3), we REVERSE and REMAND for re-sentencing.

## I. Background

Acevedo pled guilty to a Hobbs Act Robbery under 18 U.S.C. § 1951(a) and to brandishing a firearm in relation to a crime of violence under 18 U.S.C. § 924(c).  Using the 2004 edition of the United States Sentencing Commission's Guidelines Manual, Acevedo's Presentence Report (PSR) identified his base offense level for the Hobbs Act Robbery as 20.  It also recommended a 12 level enhancement under the career offender guideline.  USSG §4B1.1.  Acevedo objected to the career offender enhancement arguing the PSR erroneously classified his previous convictions for damaging a jail and theft as crimes of violence.  The district court determined Acevedo did not qualify as a career offender under USSG §4B1.1(a).  It concluded damaging a jail did not qualify as a crime of violence, as defined by USSG §4B1.2(a), and therefore Acevedo did not have the predicate offenses for a career offender under USSG §4B1.1(a) — two prior felony crimes of violence.

Without the career offender enhancement, but taking into account a 3-level downward adjustment for acceptance of responsibility, Acevedo's total offense

---

[1] A departure occurs "when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines." *United States v. Atencio*, 476 F.3d 1099, 1101, n.1 (10th Cir. 2007).  A variance occurs "when a court enhances or detracts from the recommended range through application of § 3553(a) factors." *Id.*

level for the Hobbs Act Robbery was 17. His criminal history computation produced a total history score of 14 which placed him in category VI. USSG §5A. Based on an offense level of 17 and a criminal history category of VI, Acevedo's guideline range for the Hobbs Act Robbery was 51-63 months. *Id.* Adding the mandatory minimum 84 months for brandishing a firearm, *see* USSG §2K2.4(b), his guideline range for both counts was 135-147 months.[2] *Id.*

Prior to the district court's ruling on Acevedo's career criminal status, the government filed an "Alternative Motion for Upward Departure" in the event the district court determined Acevedo did not qualify as a career offender. It argued Acevedo's criminal history category under represented the seriousness of his criminal history and the likelihood he will reoffend when he is released from prison. *See* USSG §4A1.3(a)(1).

At the sentencing hearing on October 12, 2005, the district court heard from both sides on whether to depart upward. Acevedo argued for a sentence within the guideline range mentioning his troubled upbringing and a previous period when he was able to move forward with his life as reasons for a sentence within the guideline range. He also mentioned he has never physically hurt a person. The government argued for an upward departure from the guidelines and recommended a 4 level increase to the base offense level, i.e., increasing the base

---

[2] The PSR reflected USSG §4B1.1(c)(2)(A) as the appropriate guideline section, however, since the district court determined Acevedo was not a career offender USSG §2K2.4(b) applies.

offense level from 17 (51-63 months) to 21 (77-96 months). It also requested the court to sentence Acevedo at the high end of level 21 (96 months). In the end, the government asked the district court to sentence Acevedo to 180 months, which included the mandatory 84 months for brandishing a firearm.

The district court granted the government's Motion for Upward Departure and sentenced Acevedo to 192 months in prison followed by 5 years supervised release. Acevedo asked the district court to make his sentence concurrent with his state sentence. The government did not object. The court stated:

> I will then state [in] the judgment and commitment order that this sentence is to run concurrent with the sentence that he is currently serving with the Utah State system. You have ten days to take an appeal of this, Mr. Acevedo, and you may want to appeal the grant of the upward departure. I'm going to adopt [the government's] argument as the basis for the Court's reasons for an upward departure, finding both with reference to the sentencing guidelines themselves and the defendant's criminal history, that it under represents [sic] the seriousness of the criminal past, and also reading from the statute that it under represents the likelihood that the defendant will commit other crimes in the future.

(R. Vol. IV., Doc. 29 at 19-20).[3] In the written Judgment filed on October 13, 2005, the district court stated: "[t]he court adopts the factual findings and guidelines application recommended in the presentence report except as otherwise

_____

[3] In this instance, the district court's basis for Acevedo's sentence outside the recommended guideline range constitutes both a departure and variance. To the extent the district court relied on the guidelines under USSG §4A1.3(a)(1) as justification for Acevedo's sentence, it was a departure. *Atencio*, 476 F.3d at 1101, n.1. However, the district court's statutory reference, 18 U.S.C. § 3553(a)(2)(C), is a variance from the recommended range. *Id.*

stated in open court." (R. Vol. I., Doc. 23 at 4). Acevedo timely filed his notice of appeal on October 19, 2005.

## II. Discussion

### A. Standard of Review

Post *Booker*, a defendant's sentence is required to be reasonable. *United States v. Booker*, 543 U.S. 220, 261 (2005). "[T]he reasonableness standard of review set forth in *Booker* necessarily encompasses both the reasonableness of the length of the sentence, as well as the *method* by which the sentence was calculated." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Acevedo, in arguing the district court failed to articulate specific reasons for the upward departure and variance, is attacking the method by which his sentence was calculated.

The parties disagree on what standard of review should apply. Ordinarily, when a claim of error was not raised in the district court, we review only for plain error. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 733 (10th Cir.) (en banc) (citing FED. R. CRIM. P. 52(b)), *cert. denied*, 126 S.Ct. 495 (2005). Relying on *United States v. Lopez-Flores*, the government argues Acevedo did not object at sentencing to the district court's failure to support its upward departure and variance with the specificity requirements of 18 U.S.C. § 3553(c) and therefore we must review for plain error. 444 F.3d 1218, 1221 (10th Cir. 2006). Acevedo disagrees and asserts he could not object to the district court's lack of specificity

in its judgment because it was entered after the sentencing hearing.

Acevedo's dependance on the written judgment is misplaced. "It is a firmly established and settled principle of criminal law that an orally pronounced sentence controls over a judgment and commitment order when the two conflict." *United States. v. Villano*, 816 F.2d 1448, 1450 (10th Cir. 1987) (en banc). In this instance, the orally pronounced sentence and the written judgment do not conflict. Nevertheless, "the law continues to be that the legally effective sentence is the oral sentence" and "the true function of the written document is to help clarify an ambiguous oral sentence by providing evidence of what was stated." *Id*. at 1452. At sentencing Acevedo had the opportunity to object to the method by which the sentence was imposed as well as the sentence itself. He failed to do so. There was an extended colloquy between the parties after the district court orally sentenced Acevedo, but he never raised the specificity issue. "A timely objection to the method [of arriving at a sentence] can alert the district court and opposing counsel, so that a potential error can be corrected, obviating any need for an appeal." *Lopez-Flores*, 444 F.3d at 1221. Since Acevedo did not bring this issue to the attention of the district court and opposing counsel at sentencing, plain error review is appropriate.

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Gonzalez-Huerta*, 403 F.3d at 732.

Acevedo bears the burden of proving the third and fourth prongs of plain error. *United States v. Brown*, 316 F.3d 1151, 1158, 1161 (10th Cir. 2003). Acevedo claims the district court's lack of explanation as to why it departed from the guideline range in both open court and in the written judgment was error. Acevedo also claims the district court erred in adopting the government's arguments in favor of departure without explaining why it sentenced him to 12 months beyond the government's recommended length of sentence.

B. Merits

First, we must determine whether the district court erred. "If a legal rule was violated during the district court proceedings, and if the defendant did not waive the rule, then there has been an 'error' within the meaning of Rule 52(b) despite the absence of a timely objection." *United States v. Olano*, 507 U.S. 725, 733-34 (1993). When "a district court imposes a sentence falling within the range suggested by the Guidelines, Section 3553(c) requires the court to provide only a general statement of 'the reasons for its imposition of the particular sentence.'" *See United States v. Ruiz-Terrazas*, (No. 06-2138) 2007 WL 576034 at *2 (10th Cir. Feb. 26, 2007) (quoting 18 U.S.C. § 3553(c)). "By contrast, when imposing a sentence *outside* the Guidelines range, the same statute requires a district court to state 'the *specific* reason for the imposition of a sentence . . . , *which reasons must also be stated with specificity* in the written order of judgment and commitment.'" *Id*. (quoting 18 U.S.C. § 3553(c)(2)). Here, in imposing a

sentence *outside* the guideline range, the district court stated:

> I'm going to adopt [the government's] arguments as the basis for the
> Court's reasons for an upward departure, finding both with reference
> to the sentencing guidelines themselves and the defendant's criminal
> history, that it under represents [sic] the seriousness of the criminal
> past, and also reading from the statute that it under represents the
> likelihood that the defendant will commit other crimes in the future.

(R. Vol. IV., Doc. 29 at 19-20.)  This, by itself, is insufficient to satisfy the

"specific reason" requirements of § 3553(c)(2).

"Simply restating the justification for upward departure does not fulfill the

separate requirement of stating the reasons for imposing the particular sentence."

*United States v. Proffit,* 304 F.3d 1001, 1012 (10th Cir. 2002) (quotations and

citations omitted).  "We do not require the district court to justify the degree of

departure with mathematical exactitude, but we do require the justification to

include some method of analogy, extrapolation or reference to the sentencing

guidelines." *United States v. Whiteskunk,* 162 F.3d 1244, 1254 (10th Cir. 1988)

(quotations omitted).  The district court did not articulate *its* specific reasons for

imposing a sentence outside the guideline range.  Even if the court could merely

adopt the government's arguments as a sufficient explanation of *its* reasons, a

dubious proposition, this sentence exceeded the government's requests and, *a

fortiori*, its adopted justifications by 12 months.  The trial court erred.

The error was plain.  "An error is plain if it is 'clear or obvious under

current law.'" *United States v. Brown*, 316 F.3d at 1158 (quoting *United States v.*

*Fabiano*, 169 F.3d 1299, 1302-03 (10th Cir. 1999) (quotations omitted)).  In this instance it is clear, "our pre-*Booker* requirement that district courts provide sufficient reasons to allow meaningful appellate review of their discretionary sentencing decisions continues to apply in the post-*Booker* context."  *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1117 (10th Cir. 2006).  The lack of an explanation of the district court's reasoning has left us in the "zone of appellate speculation."  *Id.* (quoting *United States v. Rose,* 185 F.3d 1108, 1112 (10th Cir. 1999)).

Under the third prong of plain error review, Acevedo "must make a specific showing of prejudice to satisfy the 'affecting substantial rights'" requirement of plain error.  *Olano*, 507 U.S. at 735.  He claims the district court's lack of explanation of the departure precludes any meaningful review of the reasonableness of his sentence.  Pre-*Booker,* we required the district court's "justification to include some method of analogy, extrapolation or reference to the sentencing guidelines."  *Whiteskunk,* 162 F.3d at 1254 (quotations omitted).  In essence, the sentence was required to be hooked to the guidelines as well as sufficiently explained.  Post-*Booker,* the district court, in setting a procedurally reasonable sentence, must calculate the proper advisory guideline range and apply the factors set forth in 18 U.S.C. § 3553(a).  *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006).  If a departure from the guidelines is contemplated, traditional departure analysis continues to be a necessary part of the calculation of

a proper advisory guideline range. Without such analysis it is difficult to determine whether a sentence at variance with the guidelines is reasonable. Since "our appellate role encompasses a limited inquiry into whether the district court did in fact exercise its discretion based on the [§] 3553(a) factors," we cannot review a sentence without a sufficient explanation of the district court's reasoning. *Sanchez-Juarez*, 446 F.3d at 1117. Since Acevedo is entitled to informed appellate review of his sentence, the district court's failure to adequately articulate its reasoning substantially affected Acevedo's rights.

Turning to the fourth prong, "[w]hen a plain error affecting substantial rights seriously affects the fairness, integrity, or public reputation of judicial proceedings, we *may in our discretion* choose whether to correct the error." *United States v. Brown*, 316 F.3d at 1160 (citations and quotations omitted). We exercise our discretion in this instance because the error forecloses our ability to meaningfully review the sentence, thereby seriously affecting the fairness, integrity and public reputation of judicial proceedings.

*United States v. Atencio* has elevated the procedural requirements in sentencing. Whether a district court departs or varies, Rule 32(h) of the Federal Rules of Criminal Procedure requires "courts to give advance notice of their intent to sentence above or below the identified advisory Guidelines range." *Atencio*, 476 F.3d at 1104. Furthermore, "Rule 32(h) and *Burns* [*v. United States*, 501 U.S. 129 (1991)] leave no doubt that the defendant has a right to know in

-10-

advance the very ground upon which the district court might upwardly depart or vary." *Id.* In its Order and Opinion determining Acevedo did not qualify as a career offender, the district court put the parties on notice it would, at sentencing, consider the government's motion for upward departure based on USSG §4A1.3(a)(1) — Acevedo's criminal history category did not fully represent the seriousness of his past criminality and he would likely continue his criminal career upon release from prison. However, compliance with Rule 32(h) does not cure the lack of specificity in sentencing required by § 3553(c)(2). Without adequate justification for an upward departure or variance, we cannot meaningfully review the sentence for reasonableness, particularly when the court imposed sentence is a year longer than the government's recommendation.

REVERSED and REMANDED for re-sentencing in accordance with this Order and Judgment.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge