*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0413p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

KERRY VAUGHN BLACKIE,

        *Defendant-Appellant.*

No. 07-2002

>

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 07-00049-001—Robert Holmes Bell, District Judge.

Submitted: July 25, 2008

Decided and Filed: November 21, 2008

Before: MOORE and SUTTON, Circuit Judges; ALDRICH, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Brian Patrick Morley, FRASER, TREBILCOCK, DAVIS & DUNLAP, Lansing, Michigan, for Appellant. Julie Ann Woods, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

    ALDRICH, D. J., delivered the opinion of the court, in which MOORE, J., joined. SUTTON, J. (p. 9 ), delivered a separate opinion concurring in part and concurring in the judgment.

_____

## OPINION

_____

    ANN ALDRICH, District Judge. Kerry Blackie pled guilty to a single count of possession of visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The district court imposed a sentence of 42 months, which is outside the advisory Sentencing Guidelines range. Blackie appeals his sentence, alleging that the district court: (1) improperly considered the factors set forth in 18 U.S.C. § 3553(a); (2) imposed a sentence outside the Guidelines range without stating its reasons for doing so as required by 18 U.S.C. § 3553(c)(2); and (3) failed to provide notice of its intent to depart from the Guidelines range as required by Federal Rule of Criminal Procedure 32(h).

_____

[*]The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

For the reasons set forth below, we **VACATE** Blackie's sentence and **REMAND** the case for resentencing consistent with this opinion.

## I. BACKGROUND

In October 2005, the Bureau of Immigration and Customs Enforcement (ICE) began investigating a child pornography website known as "illegal CP," which revealed numerous subscriber records. Those records indicated that Blackie purchased a 20-day membership to "illegal CP" for $79.99. (J.A. at 253; PSR at 4).

In October 2006, ICE agents, assisted by officers of the Lansing, Michigan Police Department, executed a search warrant at Blackie's residence and seized two computers and a thumb drive. Numerous images of minors engaged in sexually explicit conduct were found on the hard drives and thumb drive. Twenty-two of those images are referenced in the one-count indictment. In April of 2007, Blackie signed a plea agreement and pled guilty. (J.A. at 254-56; PSR at 5-7).

A pre-sentence report (PSR) was subsequently prepared. The PSR recommended a Sentencing Guidelines base offense level of 18 with a four-level enhancement for masochistic content pursuant to U.S.S.G. § 2G2.2(b)(4), a two-level enhancement for the number of images pursuant to U.S.S.G. § 2G2.2(b)(7)(A), a two-level enhancement for material involving minors who had not reached the age of twelve pursuant to U.S.S.G. § 2G2.2(b)(2), and a two-level enhancement for the use of a computer for the possession or receipt of the material pursuant to U.S.S.G. § 2G2.2(b)(6). (J.A. at 258; PSR at 9). Finally, a two-level reduction was awarded for acceptance of responsibility. (J.A. at 259; PSR at 10).

The recommended adjusted offense level was therefore 25 with a criminal history category of I. The Sentencing Guideline range was calculated at 57 to 71 months. (J.A. at 275). After consideration of the factors under 18 U.S.C. § 3553(a), the PSR recommended a sentence of 48 months. (J.A. at 275).

Prior to the sentencing hearing, Blackie filed a motion seeking a "downward departure or variance" to a non-custodial sentence because he had been the sole parent and caregiver of his 15-year-old daughter for the past 13 years. (J.A. at 157). The court declined to render a separate ruling on the motion, noting that it would consider Blackie's family situation as part of the "sentencing matrix." (J.A. at 232).

At the sentencing hearing, the district court acknowledged the PSR's recommended adjusted offense level of 25 and a criminal history category of I. (J.A. at 233). After hearing from the government and from Blackie, the court rejected or reduced two of the PSR's enhancement recommendations. First, the court found that "the vast majority of materials not only viewed, but downloaded were not that of masochistic material." (J.A. at 242). Therefore, the judge continued, "this court believes that to really add four points to this total is really much too high an amount to add to it." (J.A. at 242-43). Second, the court rejected the enhancement for the number of images because the 22 images that Blackie downloaded were not comparable to other cases where thousands of images were downloaded and sold to the public. "So therefore, this Court believes that the guideline calculation that has driven this case has been higher than common sense would indicate in this case it should be." (J.A. at 243).

The court's revision of the PSR's recommended enhancements resulted in an adjusted offense level of 20 with a Sentencing Guideline range of 33 to 41 months. However, the judge never stated in open court any calculation of the new offense level or Guideline range. The court then addressed additional § 3553(a) factors, including the seriousness of the offense and the need for deterrence. The court found that "in balance, a sentence which imposes that of 42 months' custody in the Federal Bureau of Prisons balances all these considerations together." (J.A. at 244). At no

time did the court acknowledge that the sentence imposed was in excess of the Guideline range.

Following the pronouncement of the sentence, the judge asked the parties if they had "any legal objection to the sentence imposed." (J.A. 245). The government objected to the sentence. The defense, however, had no objection.

## II.  ANALYSIS

We review for reasonableness Blackie's claim that the district court failed to consider his family ties and responsibilities at sentencing because he had raised the issue prior to and during the sentencing hearing, thus preserving it for appeal. *United States v. Gall*, 128 S. Ct. 586, 597 (2007). "Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

We review Blackie's remaining claims for plain error because he did not object to the district court's sentence on those grounds. "If a party does not clearly articulate any objection and the grounds upon which the objection is based, when given this final opportunity to speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal." *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). "Providing a final opportunity for objections after the pronouncement of sentence, 'will serve the dual purpose[s] of permitting the district court to correct on the spot any error it may have made and of guiding appellate review.'" *Id.* (quoting *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990)). *See also United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008) (en banc). This rule is especially important where, as here, the defendant may not know if he will have reason to object until the sentence is handed down.

Here, the district judge provided the parties an opportunity to object following the imposition of the sentence. Because Blackie did not object to his sentence based on a potential disparity, a departure or variance outside the Guidelines range, or a Rule 32(h) violation, we now review those claims for plain error.

The Supreme Court provides the analytical framework for determining plain error. *United States v. Olano*, 507 U.S. 725 (1993). Blackie must establish that (1) an error occurred, (2) that the error was "plain," (3) that the error affected substantial rights, and (4) that "the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 734-37.

### A.  Consideration of 18 U.S.C. § 3553(a) Factors

Blackie argues that the district court failed to properly consider the factors set forth in 18 U.S.C. § 3553(a). "Under this Circuit's post-*Booker* protocol, the sentencing court must: (1) correctly calculate the advisory guidelines sentencing range, (2) consider the other § 3553(a) factors, and (3) impose a sentence that is sufficient but not greater than necessary to comply with the purposes of § 3553(a)." *United States v. Lanesky*, 494 F.3d 558, 561 (6th Cir. 2007). "The court need not recite these factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005).

Section 3553(a) requires the sentencing court to consider the following factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment," and to provide the defendant with training, medical care, or other treatment; (3) "the kinds of sentences available"; (4) the applicable advisory Guidelines range;

(5) relevant policy statements by the Sentencing Commission; (6) "the need to avoid unwarranted sentenc[ing] disparities"; and (7) "the need to provide restitution to . . . victims." 18 U.S.C. § 3553(a).

Specifically, Blackie argues that the court failed to properly consider factors (5) and (6).

## 1.        Policy Statements by the Sentencing Commission

Blackie argues that the district court did not properly consider his family circumstances before sentencing him. Reviewing for reasonableness, we find that this claim is without merit.

While the Guidelines are no longer mandatory, the sentencing court "must still consider 'any pertinent policy statement.'" *United States v. Husein*, 478 F. 3d 318 (6th Cir. 2007) (quoting 18 U.S.C. § 3553(a)(5)). The Sentencing Commission provides numerous policy statements for the sentencing court to consider. One such policy statement addresses the defendant's family ties and obligations. Section 5H1.6 of the Guidelines states: "In sentencing a defendant convicted of an offense . . . family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." However, a policy statement does not automatically limit or confine the scope of a sentencing judge's considerations.

During the sentencing hearing, Blackie's counsel reiterated his motion and argument for a downward departure or variance "based solely on the loss of caretaking . . . for his 15-year-old daughter, Jasmine." (J.A. at 222; STR at 5). After hearing defense counsel's argument for a downward departure, the court responded that it "need not decide that a downward departure is granted or denied on this case. I think the whole matter goes into the sentencing matrix." (J.A. at 232; STR at 15).

The district court considered Mr. Blackie's family responsibilities at sentencing. Given the deference to the district court's consideration of the § 3553(a) factors and the pertinent policy statement contained in U.S.S.G. § 5H1.6, we cannot find that the judge abused his discretion.

## 2.        Sentencing Disparities

Blackie argues that the district court neglected "to address the need to avoid unwarranted sentencing disparities among defendants with similar records" as required by 18 U.S.C. § 3553(a)(6). (Def. Brief at 18). To bolster his claim, Blackie cites three *local* U.S. District Court cases in Michigan where the defendants were sentenced to less time than Blackie. However, this claim is also without merit as we are unable to find any error, much less plain error.

Section 3553(a) requires the district court to "consider" seven factors and it is the district court's task to balance those factors when imposing a sentence. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

At the sentencing hearing, the court acknowledged its responsibility to understand what "comparable individuals in comparable circumstances have received in the past in order for the sentence to be just in conjunction with other sentences." (J.A. at 232; STR at 15). Moreover, the court *did* act to avoid unwarranted sentence disparities when it reduced the PSR's recommended enhancements for the number of images. The court noted that in "comparison with [other cases] this Court has had before it where a person's downloaded thousands" of images, that "is not the case here" and rejected the enhancements for the number of images. (J.A. at 243; STR at 26).

While 18 U.S.C. § 3553(a)(6) is concerned with *national* disparities, the district court did consider disparities as one of the several factors it balanced and there is no requirement that every factor be discussed at length. *United States v. Simmons*, 501 F.3d 620, 623-24 (6th Cir. 2007);

*United States v. Houston*, 529 F.3d 743, 751-52 (6th Cir. 2008) (rejecting, as this court does, defense counsel's argument that the district court erred when it did not consider *local* sentencing disparities, which are not a concern of § 3553(a)(6). "We cannot hold, however, that [the district court] clearly erred by failing to take such non-mandatory considerations into account where it had not been timely raised.").

The court considered the need to avoid disparities among similarly situated defendants and factored it into its sentencing considerations. We are unable to find that the district court abused its discretion.

### B. Sentencing in Excess of the Guidelines Range

Blackie argues that the district court failed to state any specific reason for the imposition of a sentence in excess of the Guidelines range in violation of 18 U.S.C. § 3553(c)(2), which states:

> (c) Statement of reasons for imposing a sentence. - The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence –
>
>> (2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment . . . .

The district court must also acknowledge "the defendant's applicable Guideline range." *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005); *United States v. Cousins*, 469 F.3d 572, 577-78 (6th Cir. 2006). A sentence imposed without complying with the requirements of § 3553(c) constitutes error. *United States v. Hernandez*, 213 Fed. Appx. 457, 460 (6th Cir. 2007) (citing *United States v. Lewis*, 424 F.3d 239, 246 (2d Cir. 2005) (holding that a sentence imposed without complying with § 3553(c)(2) constitutes *plain error*, even assuming its length is reasonable)).

These requirements are more than mere administrative burdens or meaningless formalities, but rather assure that the court has properly calculated the applicable Guidelines range, and that adequate explanation is provided to allow for meaningful appellate review and the perception of a fair sentence. *See Gall v. United States*, 128 S. Ct. 586, 597-98 (2007).

In this case, the district court acknowledged at the beginning of the sentencing hearing that the PSR recommended an adjusted offense level of 25 and a criminal category of I, but failed to state the corresponding Guideline range. After hearing arguments from Blackie and the government regarding Blackie's family responsibilities, the court considered the enhancement levels recommended in the PSR. The court found that two of the enhancements were not warranted in this case and gave its reasons for rejecting or reducing those enhancements. Unfortunately, the court was not clear as to whether it had rejected the specific enhancements or simply reduced their numerical levels. This ambiguity persisted as the district court never recalculated the new offense level or the new Guidelines range during the sentencing hearing.

The district court then sentenced Blackie to a term of 42 months without indicating that the sentence was outside the Guidelines range or stating the court's specific reasons for the variance. *See Cousins*, 469 F.3d at 578 (finding a sentence procedurally unreasonable when "the district judge failed to provide his reasoning for the variance or to explain how the two months that he added to the maximum Guidelines sentence were related to his stated goal of protecting the public, which

might as easily be invoked to justify a variance of one day or ten years.  We therefore hold that the district court failed to provide sufficient explanation to permit meaningful appellate review . . .").[1]

Because of the ambiguity during Blackie's sentencing hearing,  the exact nature of the district court's determinations as to the new offense level and Guidelines range were not made apparent until the court issued a written judgment and commitment order, which classified the sentence as "above the advisory guideline range."  The order further clarified that the recommended four-level enhancement for masochistic content was reduced to one level and the two-level enhancement for the number of images was rejected entirely.

Yet, the written judgment and commitment order also lacks the requisite level of specificity as to the reasons for sentencing above the Guideline range.  The order simply checked two boxes to indicate its reasons for sentencing outside the guideline system and left blank the section of the order for facts justifying the sentence.

The district court's failure to comply with the requirements of 18 U.S.C. § 3553(c)(2) constitutes error.  Given the *clarity* of § 3553(c)(2), the district court *plainly* erred when it did not refer to the applicable Guidelines range and failed to provide its specific reasons for an upward departure or variance at the time of sentencing or in the written judgment and commitment order. *See United States v. Hayes*, 171 F.3d 389, 392 (6th Cir. 1990) (finding that an error is plain when it is "clear" or "obvious"); *United States v. Gore*, 298 F.3d 322, 325 (5th Cir. 2002) (finding that "the text of [§3553(c)(2)] ('in open court') leaves no doubt that although [the district court] did issue written reasons, the district court committed error that is plain by failing to explain the reasons for the departure").

Having established a *plain* error, we must next determine if that error affected Blackie's substantial rights, and whether that "error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 734-37.  Defendants have a right to meaningful appellate review of their sentences and § 3553(c) facilitates such a review by requiring the district court to state its specific reasons for imposing a particular sentence.  While the Sixth Circuit has not directly addressed whether a violation of § 3553(c)(2) affects a defendant's substantial rights,[2] the Second, Tenth, and District of Columbia Circuits have found the right to meaningful appellate review to be a "substantial" right.[3] *United States v. Lewis*, 424 F.3d 239, 247

---

[1] While we review Blackie's sentence for plain error, and not the unreasonableness standard used in *Cousins*, the failure of the court to comply with § 3553(c) is not only procedurally unreasonable, but it also constitutes error.

[2] *Cf. United States v. Hernandez*, 213 Fed. Appx. 457 (6th Cir. 2007).  In an unpublished opinion, this court addressed whether a violation of 18 U.S.C. § 3553(c)(1) amounted to plain error.  There, the district court imposed a sentence *within* the Guidelines range, but failed to state in open court why it chose the particular sentence within that range.  We held that the district court's failure to "comply with the dictates of § 3553(c)(1)" constituted error, and this error was *plain*.  However, because this court found that the district court articulated "its reasons by reference to the § 3553(a) factors" and gave "a generalized picture of its reasoning," we concluded that the defendant's substantial rights were not *affected*.  We further distinguished the facts in *Hernandez* from those in *Lewis*, where the defendant was sentenced *outside* the Guidelines range in violation of § 3553(c)(2) and the district court "'stat[ed] no reasons at all' for its sentencing decision." *Id*. at 461 (quoting *Lewis*, 424 F.3d at 245). The facts before us today are more similar to *Lewis*.

[3] Other Circuits have come close to addressing this issue in unpublished opinions.  See *United States v. Gant*, 220 Fed. Appx 588, 589-90 (9th Cir. 2007) where reviewing an alleged § 3553(c)(2) violation for plain error, the court found that it was "not necessary to decide whether either alleged error satisfies the first three conditions of the plain error test" and declined to exercise its discretion "to notice the alleged errors."  See also *United States v. Robaina*, 194 Fed. Appx. 735, 739 (11th Cir. 2006) where the court found the "reasons for the sentence…imposed are evident from the sentencing transcript" and therefore no *plain* error.
*But cf., United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (where the Eleventh Circuit "reject[ed] the government's argument that this error is subject only to plain error review.  . . .  We focus exclusively on the 'sufficiency' of the court's conduct at sentencing, not that of the defendant: 'Congress has specifically proclaimed that a sentencing court shall state 'the reason for imposing a sentence [exceeding 24 months] at a particular point within the

(2d Cir. 2005) ("Section 3553(c) bestows on defendants the right to argue more effectively that – and enables us to decide more effectively whether – a sentence is 'reasonable.' This right seems to us clearly to be 'substantial.'") (followed by *United States v. DeMott*, 513 F.3d 55 (2d Cir. 2008)); *In re Sealed Case*, 527 F.3d 188, 193 (D.C. Cir. 2008) ("We join the Second Circuit in holding that the failure to provide a statement of reasons as required by § 3553(c) is plain error, 'even when the length of the resulting sentence would otherwise be reasonable.'"); *United States v. Acevedo*, 219 Fed. Appx. 828, 833 (10th Cir. 2007) (holding that the defendant "is entitled to informed appellate review of his sentence, the district court's failure to adequately articulate its reasoning substantially affected [the defendant's] rights").

We now join these circuits in finding that § 3553(c)(2) confers a *substantial* right to meaningful appellate review.

Here, Blackie's sentence in excess of the Guidelines range was imposed without the court's acknowledgment of the applicable Guidelines range and without a statement of reasons for such a variance. Section 3553(c)(2) requires not only a statement of reasons, both stated "in open court" and written in a judgment and commitment order, but also that those statements be made with "specificity." We do not assume that the sentence was imposed arbitrarily, but without compliance with § 3553(c)(2) we cannot meaningfully review Blackie's sentence.

Compliance with § 3553(c)(2) is important not only for the defendant, but also for the public "to learn why the defendant received a particular sentence." *In re Sealed Case*, 527 F.3d at 191. The absence of a statement or reasons thus seriously affects "the fairness, integrity, or public reputation of judicial proceedings." *Id. See also Gall*, 128 S.Ct. at 597 (holding that a district judge "must adequately explain the chosen sentence . . . to promote the perception of fair sentencing").

Finally, the treatment of a § 3553(c) violation as plain error will help maintain its requirements as mandatory, and not some formality that can be ignored without consequence. *Lewis*, 424 F.3d at 249.

Accordingly, we find that the district court's violation of § 3553(c)(2) is plain error.

### C. Notice Requirement of Federal Rule of Criminal Procedure 32(h)

Blackie argues that the district court erred in failing to provide adequate notice of its intent to depart from the Sentencing Guidelines range for reasons not already on the record, in violation of Federal Rule of Criminal Procedure 32(h).

Rule 32 (h) requires that: "[b]efore the court may *depart* from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a *departure*." (emphasis added).

---

range.' . . . *When a sentencing court fails to comply with this requirement, the sentence is imposed in violation of law . . . ." United States v. Veteto*, 920 F.2d 823, 826 (11th Cir. 1991) (citations omitted) (emphasis added).").

"'Departure' is a term of art under the Guidelines" and is distinct from a "variance." *Irizarry v. United States*, 128 S. Ct. 2198, 2202 (2008). This court has succinctly described the differences between the two terms:

> A district court may impose a sentence outside of the applicable Guidelines range through a Guidelines or non-Guidelines departure. "Our court has previously explained that departures based on Chapter 5 of the Guidelines should be referred to as 'Guideline departures,' and that 'sentences lower than the Guidelines recommendation based on section 3553(a) factors' can be referred to as 'Non-Guideline departures.'" We often refer to Non-Guideline departures as "variances." *Cousins*, 469 F.3d at 577 (citations omitted).

The Supreme Court has further clarified that Rule 32(h) "does not apply to § 3553 variances by its terms." *Irizarry*, 128 S. Ct. at 2202.

Here, the district court imposed a non-Guidelines sentence – a variance. (Judgment and Commitment Order – Statement of Reasons). Therefore, pursuant to *Irizarry*, Rule 32(h) does not apply to Blackie's sentence and, accordingly, this claim is without merit.

### III. CONCLUSION

For the above reasons, the sentence is **VACATED** and this case is **REMANDED** to the district court for resentencing consistent with this opinion.

---

**CONCURRING IN PART AND CONCURRING IN THE JUDGMENT**

---

SUTTON, Circuit Judge, concurring in part and concurring in the judgment. I agree with the majority's disposition of this appeal and with its reasoning in addressing each of the questions raised, save one: Did the district court fail to satisfy § 3553(c)(2)'s requirement that it state in open court and in the written judgment the reasons for selecting a sentence one month above the 41-month advisory guidelines range? I agree with the majority that the district court failed to satisfy this requirement, but I see no reason to decide whether that shortcoming amounts to plain error.

The government never asked us to apply plain-error review to this claim, which by itself is reason enough not to apply this standard to the issue. *Cf. United States v. Chiles*, 137 F. App'x 870, 872 n.2 (6th Cir. 2005); *United States v. Fuller*, 77 F. App'x 371, 380 n.9 (6th Cir. 2003). Making matters easier, the government failed to respond *at all* to this allegation of error. I therefore see no reason to do anything more than confirm the error and ask the district court to correct it.

The majority instead takes on the question of whether and when a violation of § 3553(c)(2)'s reason-giving requirement rises to the level of plain error. Three circuits have held that it does. *See In re Sealed Case*, 527 F.3d 188, 192–93 (D.C. Cir. 2008); *United States v. Lewis*, 424 F.3d 239, 245–49 (2d Cir. 2005); *United States v. Acevedo*, 219 F. App'x 828, 832–33 (10th Cir. 2007). And at least one circuit has held that it does not, at least where "the record, viewed in its entirety, reasonably justifies the sentence imposed," because such an error does not "affect[] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gant*, 220 F. App'x 588, 589–90 & n.1 (9th Cir. 2007); *see also United States v. Robaina*, 194 F. App'x 735, 739 (11th Cir. 2006) (holding that a district court's failure to satisfy § 3553(c)(2) was not plain error because circuit precedent required "there [to] be binding precedent clearly holding that it is such"); *cf. United States v. Gonzalez-Delgado*, 271 F. App'x 837, 840 (11th Cir. 2008) (per curiam) (holding that a district court's failure to provide a *written* statement of reasons affected "neither [the defendant's] substantial rights nor the fairness of the judicial proceeding" where the defendant "was told the reasons for his above-Guidelines sentences . . . [and] the record provides adequate information from which he was able to challenge his sentence on appeal"). Before taking sides on how to approach this question, I would prefer to wait until the issue has been raised by the parties, it has been briefed and it makes a difference to the outcome of the case. The majority seeing this matter differently, I respectfully concur only in the judgment on this issue.