*648 CONCURRING IN PART AND DISSENTING IN PART
CLAY, Circuit Judge,
concurring in part and dissenting in part.
Although I would reach conclusions similar to the majority regarding the substantive reasonableness of Defendant’s sentence and with respect to the validity of the plea, I write separately to express my disagreement with the majority’s procedural reasonableness analysis. Specifically, I do not believe the district judge adequately explained Defendant’s sentence, which renders Defendant’s sentence procedurally unreasonable.
The majority opinion sets up a false dichotomy whereby the jurisprudence might require, on the one hand, that the sentencing court address any argument raised by the defendant at sentencing and engage in a “point-by-point” discussion. The majority understandably rejects that approach but adopts an equally untenable approach that it describes as “functional in nature” — which is to say that it prefers an approach that assumes that the sentencing judge has considered all of the defendant’s arguments if the court displays a thorough familiarity with the facts of the case and takes the time at sentencing to engage in a back-and-forth dialogue with the defendant’s counsel. The majority’s approach presupposes too much by assuming that the district court must have considered issues that the district court completely failed to mention simply because the court spent a considerable amount of time addressing some, albeit completely different, sentencing issues. When the district court has addressed some of a defendant’s arguments in detail but ignored others, it is equally plausible to assume that the district court failed to take into account the unaddressed arguments.
Procedural reasonableness requires, inter alia, that the sentencing judge “adequately explain the chosen sentence.” Gall v. United States, 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Although the “appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances,” Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), “[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decision making authority”. Id. When a defendant presents a nonfrivolous argument for imposing a different sentence, “the judge will normally go further and explain why he has rejected those arguments.” Id. at 357, 127 S.Ct. 2456; see United States v. Gapinski, 561 F.3d 467, 474 (6th Cir.2009) (“Although the district court is not required to ‘give the reasons for rejecting any and all arguments [made] by the parties for alternative sentences,’ for a sentence to be procedurally reasonable, ‘[w]hen a defendant raises a particular [, nonfrivolous] argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant’s argument and that the judge explained the basis for rejecting it.’ ” (alterations in original) (citation omitted)); United States v. Recla, 560 F.3d 539, 547 (6th Cir.2009) (citing Rita). As this Court has previously stated,
[e]xpressly articulating the grounds for rejecting the particular claims raised by a defendant, at least with respect to a defendant’s nonfrivolous arguments, promotes several critical goals: (1) it provides the defendant with a clear understanding of the basis for his or her sentence; (2) it allows the public to understand the rationale underlying the chosen sentence; and (3) it helps this Court avoid the difficulties of parsing the sentencing transcript when determining whether the district court in fact considered the defendant’s arguments.
*649 United States v. Wallace, 597 F.3d 794, 804 (6th Cir.2010) (quoting United States v. Petrus, 588 F.3d 347, 353 (6th Cir.2009)). Ultimately, the question is “whether [t]he record makes clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant’s circumstances and took them into account in sentencing him.” Gapinski, 561 F.3d at 474 (internal quotation marks omitted) (alteration in original).
In this case, Defendant set forth three nonfrivolous arguments regarding his sentence, which were: (1) his strong family ties; (2) his recognition of his serious drug problem and his need for help; and (3) his minor role in the overall operation of the 575 Gang. As the majority correctly states, the district court did respond to Defendant’s argument regarding his drug addiction. However, the district court failed to address Defendant’s two other nonfrivolous arguments regarding his sentence and the record fails to indicate that the district court even considered them. There was no reference by the district judge to Defendant’s family support argument nor was there any discussion of or indication that the district court considered Gunter’s alleged low level of involvement in the case. Consequently, it cannot be said that the district court “provide[d] a clear explanation of why it ... either accepted or rejected [Defendant’s] arguments and thereby chose the particular sentence imposed.” United States v. Bolds, 511 F.3d 568, 580 (6th Cir.2007).
The majority’s approach makes it impossible for an appellate court to review the reasoning underlying the sentencing judge’s disposition of the defendant’s non-frivolous arguments when those arguments are never even mentioned by the sentencing judge. See Gall, 552 U.S. at 50, 128 S.Ct. 586 (noting that a sentencing judge “must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing”); United States v. Lalonde, 509 F.3d 750, 770 (6th Cir.2007) (same); see also United States v. Blackie, 548 F.3d 395, 402 (6th Cir.2008) (“Defendants have a right to meaningful appellate review of their sentences and [18 U.S.C.] § 3553(c) facilitates such a review by requiring the district court to state its specific reasons for imposing a particular sentence.”). The better rule would be to require the sentencing judge to sufficiently articulate his reasons for the sentence with respect to all of the defendant’s non-frivolous arguments so that the sentencing judge’s reasons are decipherable, but not require the sentencing judge to engage in a formulaic statement of reasons. See United States v. Moon, 513 F.3d 527, 539 (6th Cir.2008) (“While the district court need not ‘engage in a ritualistic incantation’ of the § 3553(a) factors, its opinion should be ‘sufficiently detailed to reflect the considerations listed in § 3553(a)’ and to allow for meaningful appellate review.” (quoting United States v. McBride, 434 F.3d 470, 474 (6th Cir. 2006))).
By completely failing to address two of Defendant’s three nonfrivolous arguments, the district court committed a clear error, thus satisfying the first two prongs of plain error review. See Wallace, 597 F.3d at 806. Defendant also satisfies the “substantial right” prong of plain error review as 18 U.S.C. § 3553(c) “generally implicates a ‘substantial right.’ ” See id. at 807. Because it is “important not only for the defendant, but also for the public ‘to learn why the defendant received a particular sentence,’ ” Blackie, 548 F.3d at 403, the district court’s error also affected the “fairness, integrity, or public reputation” of Defendant’s judicial proceedings. See id.
*650 Because Defendant’s sentence is procedurally unreasonable even under plain error review, I respectfully dissent with regard to the procedural reasonableness analysis set forth in the majority opinion.