KAREN NELSON MOORE, Circuit Judge,
dissenting.
A district court must state in open court and in a written statement of reasons the specific reason it is imposing an outside-guidelines sentence on a defendant. 18 U.S.C. § 3553(c)(2). Because the district court failed to state a specific reason for its fifteen-month upward variance both in open court and in its written statement of reasons, the district court committed plain error. The majority, however, nonetheless affirms. I respectfully dissent.
Section 3553(c)(2) imposes three procedural requirements in conjunction with the imposition of a sentence outside the guidelines range:
The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence ... is outside the range ..., the specific reason for the imposition of a sentence different from that described [in the guidelines], which reasons must also be stated with specificity in a statement of reasons form____
§ 3553(c)(2). It is not in dispute that the district court failed to state in open court a specific reason for the fifteen-month variance or even that it was imposing a variance. It is further undisputed that the post-sentencing written statement of reasons also failed to identify a sufficiently specific reason for the stated variance.
Failure to adhere to these procedural requirements is a significant procedural error. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (explaining that on review, an appellate court “must first ensure that the district court committed no significant procedural error, such as ... failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range”); United States v. Blackie, 548 F.3d 395, 400-01 (6th Cir.2008) (“A sentence imposed without complying with the requirements of § 3553(c) constitutes error.”). As we have explained before, “[t]hese requirements are more than mere administrative burdens or meaningless formalities, but rather assure that the court has properly calculated the applicable Guidelines range, and that adequate explanation is provided to allow for meaningful appellate review and the perception of a fair sentence.” Blackie, 548 F.3d at 401.
By failing to adhere to two of the three § 3553(c) requirements, the district court has precluded us from reviewing whether it relied upon a specific reason and whether invocation of this reason in imposing a variance is supported by the record. Our inability to engage in a meaningful review of the imposed sentence is illustrated by the majority’s guesswork in this portion of its opinion. Although it may be true that all of the § 3553(a) factors supported the fifteen-month variance, as is asserted by the majority, whether this was the basis for the given variance is nothing more than speculation. The district court could have relied upon any number of the § 3553(a) factors discussed at Zobel’s sentencing hearing in imposing his sentence, not to mention the universe of potential unenumerated or improper reasons. As *579 admitted by the majority, the written statement of reasons, in which the district court merely checked the box for two broad § 3553(a) factors, does not clarify the reasons on which it relied for the upward variance. In addition to precluding meaningful appellate review, the district court’s errors create difficulties for the defendant. When a court fails to adhere to these procedural requirements, a defendant leaves his sentencing hearing unable to discern why he has received a particular sentence, and, as in Zobel’s case, when this'error is not corrected, he will never attain such clarity.
Moreover, this court has found plain error in a case with material facts that are indistinguishable from those at hand. In Blackie, we determined that the district court did not provide a specific reason for its outside-guidelines sentence when it failed to state expressly that the sentence was outside the guidelines range and to give a specific reason for the variance. Blackie, 548 F.3d at 401. Further, because the district court’s written order merely identified its reasons for classifying the sentence as “above the advisory guideline range” by checking two boxes and declining to justify its reasoning in the allotted space, we found that it lacked the requisite specificity. Id. We then concluded that “[gjiven the clarity of § 3553(c)(2), the district court plainly erred when it did not refer to the applicable Guidelines range and failed to provide its specific reasons for an upward departure or variance at the time of sentencing or in the written judgment and commitment order.” Id. at 401-02 (emphasis in original).
The majority in this case attempts to distinguish Blackie by pointing to the fact that in Zobel’s sentencing hearing, the district court referenced the applicable guidelines range and engaged in an analysis of the § 3553(a) factors. These facts, however, are immaterial to the issue raised on appeal. Instead, these facts establish the already undisputed proposition that the district court properly effectuated the first of the three requirements under § 3553(c). The district court’s completion of one requirement, however, does not cure its failure to comply with the others, as a general discussion of the § 3553(a) factors neither allows an appellate court to engage in meaningful review of the variance nor promotes the perception of a fair sentence.
Even more grievous, though, than relying upon a broad discussion of the § 3553(a) factors to establish the specific reason for a variance is the majority’s insistence that a procedurally deficient document can cure a procedurally deficient sentencing hearing. Specifically, the majority contends that the written statement of reasons, which “[sjtanding alone, ... would lack the requisite level of specificity and result in remand,” can fill the gaps left open by the district court at the sentencing hearing that “can fairly be criticized for lack of specificity.” Majority Op. at 566, 568 (internal quotation marks omitted). When a district court fails to adhere to significant procedural requirements at two distinct stages of a sentencing, there are two bases for plain error. The majority’s conclusion — that one procedural error would result in plain error, yet two procedural errors produce a procedurally reasonable sentence — defies logic.
The district court committed plain error when it did not comply with the § 3553(c)(2) requirements that it state in open court and in its written statement of reasons the specific reason for imposing an outside-guidelines sentence. I would vacate and remand for resentencing, and, therefore, I respectfully dissent.