KAREN NELSON MOORE, Circuit Judge,
dissenting.
I would hold that the district court plainly erred by not identifying the applicable Guidelines range and by not explaining why Miguel Ayala’s conduct warranted a term of imprisonment almost twice as long as the high end of that range. I would further hold that, in sentencing Ayala for leaving a drug rehabilitation facility, the district court plainly erred by not responding to Ayala’s argument that he left the *405 facility only because it would not allow him to take his bipolar medication.
18 U.S.C. § 3558(c)(2) requires a district court to state its reasons for a sentence “with specificity.” We have interpreted § 3553(c)(2) to mean that a district court must both identify the applicable Guidelines range and offer a reasoned explanation for its sentence. United States v. Blackie, 548 F.3d 395, 401-02 (6th Cir. 2008). Here, the district court did neither. At the May hearing, the district court told Ayala that it would sentence him to the statutory maximum if he left the rehabilitation facility. R. 333 (May 19, 2015 Hr’g Tr. at 17-19) (Page ID #885-87). And at the July hearing, the district court did exactly that. R. 334 (July 20, 2015 Hr’g Tr. at 34-36) (Page ID #922-24). But at neither hearing did the district court acknowledge Ayala’s Guidelines range of 8-14 months of imprisonment or explain why Ayala’s decision not to complete the treatment program deserved a sentence almost twice the high end of that range. The only justification that the district court offered for Ayala’s twenty-four month sentence was that the court had previously said it would impose a twenty-four month sentence. Id. This is far from sufficient. The district court’s failure to comply with the clear dictates of § 3553(c)(2) constitutes plain error. Blackie, 548 F.3d at 401-02.
The district court also did not address Ayala’s argument that he left the rehabilitation facility because the- facility would not allow him to take his bipolar medication. “ ‘When a defendant raises a particular, nonfrivolous argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant’s argument and that the judge explained the basis for rejecting it.’ ” United States v. Wallace, 597 F.3d 794, 803 (6th Cir. 2010) (alterations omitted) (quoting United States v. Gapinski, 561 F.3d 467, 474 (6th Cir. 2009)). The record does not reflect either here. Although Ayala raised the issue at the July hearing, and although one of the counselors from the rehabilitation facility testified that Ayala was not allowed to bring his bipolar medication into the facility, R. 334 (July 20, 2015 Hr’g Tr. at 18) (Page ID #906), the district court never responded to Ayala’s argument. This is plain error. Wallace, 597 F.3d at 803-05.
These errors deprived Ayala of his right to meaningful appellate review. See United States v. Cabrera, 811 F.3d 801, 813 (6th Cir. 2016) (“A district judge must comply with § 3553(c) in order to afford a defendant the right to meaningful appellate review — i.e., to create a record for appeal that adequately discloses the judge’s reasons for sentencing a defendant.” (emphasis in original)); see also Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (“The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decision-making authority.”). The majority is wrong in requiring Ayala additionally to show prejudice. Maj. Op. at 404. We have repeatedly held that a defendant’s right to meaningful appellate review is a substantial one. Cabrera, 811 F.3d at 813 (identifying “the right to meaningful appellate review” as “a substantial right that does not require a showing of prejudice”); Wallace, 597 F.3d at 807 (recognizing “that § 3553(c) generally implicates a ‘substantial right’ ... to meaningful appellate review”): Blackie, 548 F.3d at 403 (joining other circuits “in finding that § 3553(c)(2) confers a substantial right to meaningful appellate review” (emphasis in original)). Ayala need not show that the district court would have imposed a different sentence had it not committed these errors. See Maj. Op. at 404. Ayala need show only that *406 the errors deprived him of his right to meaningful appellate review, which he has done. Accordingly, I would vacate Ayala’s sentence and remand this case to the district court for resentencing. The majority seeing things differently, I respectfully dissent.