File Name: 11a0461n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 07-1284

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DUANE MILTON MCCLAIN, JR., aka Deuce,

      Defendant-Appellant.

_____ /

**FILED**

*Jul 08, 2011*

LEONARD GREEN, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

Before:      MARTIN, NORRIS, and SILER, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Duane Milton McClain, Jr. pled guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, five kilograms or more of cocaine, one kilogram or more of heroin, and 100 kilograms or more of marijuana. McClain's Sentencing Guidelines range was from twelve years and seven months to fifteen years and eight months. The district court sentenced him to thirteen years imprisonment. On appeal, McClain makes four main arguments: (1) the district court committed plain error by failing to respond to his mitigation argument; (2) the district court committed plain error by failing to state his Guidelines range on the record; (3) the district court's drug quantity determination was clearly erroneous; and (4) we should remand this case to the district court to consider McClain's motion for

reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Because these arguments are not meritorious, we **AFFIRM** the decision of the district court.

## I. BACKGROUND

McClain was involved in a large-scale drug trafficking organization buying and selling powder cocaine, crack cocaine, and marijuana from 2004 until his arrest on September 20, 2005. McClain and a number of codefendants were charged with a variety of crimes, and McClain pled guilty to conspiracy to distribute and possess with intent to distribute fifty or more grams of cocaine base, five kilograms or more of cocaine, one kilogram or more of heroin, and 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846.[1] The parties agreed that the conspiracy involved at least five kilograms of powder cocaine and at least fifty grams of cocaine base.

The Probation Department prepared a Presentence Report, which compiled a number of statements from McClain's codefendants regarding the amount of drugs that should be attributed to him. The Report recommended that he be held responsible for ninety kilograms of powder cocaine and 160 grams of crack cocaine based on statements by codefendant Jamokenteyatte Hampton. These amounts yielded a recommended base offense level of thirty-six.

McClain objected to the drug quantity that the Report attributed to him. He submitted a sentencing memorandum in which he argued that although Hampton's statements supported a base

---

[1] McClain was also charged with other drug crimes, but the United States agreed to dismiss those charges, and they are irrelevant to this appeal.

offense level of thirty-six, the statements of several other codefendants supported a base offense level of only thirty-four.

The district court conducted a sentencing hearing on February 15, 2007. McClain argued, consistent with his sentencing memorandum, that his base offense level should be set below thirty-six. The district court stated that it had reviewed the guilty plea transcript, and later noted that it had reviewed the sentencing memorandum. It stated that because McClain pled guilty to conspiracy, he was responsible for any drug quantities that were a reasonably foreseeable consequence of the conspiracy. The district court found McClain to be responsible for at least fifteen but less than fifty kilograms of powder cocaine and at least 150 but less than 500 grams of cocaine base, yielding a base offense level of thirty-four. The district court granted McClain a three-level downward departure for acceptance of responsibility and reduced his offense level to thirty-one, with a criminal history category IV. Defense counsel asked the district court to consider McClain's cooperation in an unrelated state murder case, and the government confirmed his cooperation.

McClain's offense level and criminal history category yielded a Guidelines range of twelve years and seven months to fifteen years and eight months, although the district court did not state this range in terms of months on the record. The district court addressed all of the section 3553(a) sentencing factors in some detail, and sentenced McClain to thirteen years imprisonment. At the conclusion of the hearing, the district court asked whether there were any legal objections to the sentence, and defense counsel responded that there were not.

On April 11, 2008, McClain filed a motion for modification of sentence based on the retroactive amendments to the crack Sentencing Guidelines. On April 16, the district court ordered the motion held in abeyance due to McClain's projected release date.

McClain makes four arguments on appeal: (1) the district court committed plain error by failing to respond to his mitigation argument; (2) the district court committed plain error by failing to state his Guidelines range on the record; (3) the district court's drug quantity determination was clearly erroneous; and (4) we should remand this case to the district court to consider McClain's motion for reduction of sentence.

## II. ANALYSIS

### A. Standard of Review

Although McClain argues that this Court should not review allegations of procedural error not preserved at sentencing for plain error, the en banc Court has held to the contrary. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). McClain concedes that we have no authority to depart from this rule. *See Salmi v. Sec'y of Health & Human Serv.*, 774 F.2d 685, 689 (6th Cir. 1985). Thus, we must apply the plain error standard of review to McClain's claim of procedural unreasonableness. Plain error requires a defendant to show "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386 (internal quotation marks and citation omitted).

### B. Mitigation Argument

McClain argues that the district court failed to explain in sufficient detail why it rejected his argument for a downward variance based on his cooperation with state authorities. A district court's failure to adequately explain its chosen sentence renders the sentence procedurally unreasonable. *United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011). "Although Congress requires a court to give 'the reasons' for its sentence, 18 U.S.C. § 3553(c), it does not say that courts must give the reasons for rejecting any and all arguments by the parties for alternative sentences." *Vonner*, 516 F.3d at 387. Instead, "[r]eversible procedural error occurs if the sentencing judge fails to 'set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority.'" *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007) (brackets in original)). Here, the district court stated that it had reviewed McClain's sentencing memorandum, which set forth his mitigation argument. In addition, the district court discussed the section 3553(a) sentencing factors in some detail. Thus, we hold that any error in failing to respond to McClain's mitigation argument did not rise to the level of plain error.

## C. Guidelines Range Calculation

McClain argues that even if the district court correctly calculated his base offense level and criminal history category, it erred by failing to state his Guidelines range on the record in terms of months. A district court's failure to calculate the Guidelines range or its improper calculation of the range renders a sentence procedurally unreasonable. *Hall*, 632 F.3d at 335. A district court must generally "acknowledge the defendant's applicable Guideline range." *United States v. Blackie*, 548 F.3d 395, 400 (6th Cir. 2008) (internal quotation marks and citation omitted). Thus, the district court

arguably erred by failing to explicitly state the range on the record. However, McClain is unable to demonstrate that this error affected his substantial rights and therefore cannot satisfy the requirements under our plain error review. The district court correctly calculated his base offense level and criminal history category and gave him a within-Guidelines sentence. Furthermore, the district court adequately explained the sentence. *Cf., e.g.*, *United States v. Kingsley*, 241 F.3d 828, 836 (6th Cir. 2001) (finding that a court's failure to explain its reasoning for exacting a condition of supervised release does not amount to plain error if the supporting reasons are evident on the overall record). It appears from the overall record that the district court was aware of the correct Guidelines range, and it provided enough information and reasoning to enable us to conduct meaningful appellate review. Therefore, we hold that the district court's failure to state the Guidelines range on the record did not amount to plain error.

**D. Drug Quantity Determination**

McClain argues that the district court's drug quantity determination was clearly erroneous. This Court reviews a district court's factual calculation of the drug quantity attributable to a defendant for clear error. *United States v. Olsen*, 537 F.3d 660, 663 (6th Cir. 2008). "[T]he district court must set forth the evidence upon which it relies and make specific findings that are supported by a preponderance of the evidence." *United States v. Long*, 190 F.3d 471, 478 (6th Cir. 1999). If the precise amount of drugs is uncertain, then "the district court may estimate the amount, but the court must err on the side of caution." *United States v. Gardner*, 417 F.3d 541, 546 (6th Cir. 2005) (internal quotation marks and citation omitted).

McClain conceded in his sentencing memorandum that the statements of his coconspirators support a base offense level of thirty-four. A defendant who expressly concedes that he should be held accountable for a certain quantity of drugs is estopped from later challenging a court's factual finding on that issue. *See United States v. Nesbitt*, 90 F.3d 164, 168 (6th Cir. 1996) ("Because defendant expressly agreed that he should be held accountable for 139 kilograms, he cannot now challenge the court's factual finding on this issue."). Thus, we hold that the district court's drug quantity determination was not clearly erroneous.

**E. Motion for Reduction of Sentence**

McClain asks us to remand the case to the district court for consideration of his motion for a reduction of his sentence. However, this Court has taken this course of action only when the defendant has not yet filed a motion. *See United States v. Simmons*, 587 F.3d 348, 366 (6th Cir. 2009) (remanding for consideration under section 3582(c) in the absence of a motion for reduction of sentence); *United States v. Poole*, 538 F.3d 644, 645-46 (6th Cir. 2008) (remanding so that the district court could consider an anticipated motion for reduction of sentence); *United States v. Ursery*, 109 F.3d 1129, 1138 (6th Cir. 1997) (remanding to allow defendant to make a motion for reduction of sentence). Furthermore, the Fourth Circuit has explained that:

> It is . . . for the district court to first assess whether and to what extent [defendant's] sentence may be thereby affected, and that court is entitled to address this issue either sua sponte or in response to a motion by [defendant] or the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(2). Accordingly, we need not remand for resentencing in order for [defendant] to pursue relief in the district court under Amendment 706, and we decline to do so. However, this decision is rendered without prejudice to [defendant's] right to pursue such relief in the sentencing court.

*United States v. Brewer*, 520 F.3d 367, 373 (4th Cir. 2008). McClain has already pursued relief in the district court, and declining to remand the case would not prejudice his right to any such relief. Thus, we will simply allow McClain's motion to be adjudicated in the normal course of the district court's proceedings.

### III. CONCLUSION

The district court did not commit plain error by failing to respond to McClain's mitigation argument or by failing to state the Guidelines range on the record. In addition, the district court's drug determination was not clearly erroneous. Furthermore, we find it unnecessary to remand this case to the district court to consider McClain's motion for reduction of sentence. Thus, we **AFFIRM** the decision of the district court.