NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0110n.06

No. 12-3472

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jan 30, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| KYLE CORZINE, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: KETHLEDGE and WHITE , Circuit Judges; LUDINGTON, District Judge.[*]

LUDINGTON, District Judge. Kyle Corzine pled guilty to transferring a sawed-off shotgun in violation of 26 U.S.C. §§ 5861(e) and 5871. The probation officer's and the government's calculation placed Corzine's criminal history assessment in category three and his Sentencing Guidelines range as 18 to 24 months. Corzine believed his criminal history should be assessed as category two and the appropriate advisory Guidelines range to be 15 to 21 months. The district judge did not resolve Corzine's disputed criminal history assessment and never determined the applicable Guidelines range. The judge simply imposed a 24-month sentence. Corzine appeals, contending that the sentence is procedurally and substantively unreasonable. Because the district judge did not resolve Corzine's criminal history objection or establish his guideline range, the sentence is procedurally unreasonable and will be reversed and remanded for resentencing.

---

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

**I**

In the fall of 2010, Corzine struggled with alcohol and drug addiction. He acknowledged that he thought about nothing but getting his next fix. Alissha Brown, Corzine's friend and co-defendant, recruited him to make a few extra bucks. She suggested he purchase a sawed-off shotgun, which they could sell and divide the proceeds. In need of the cash, Corzine agreed. In November 2010, he acquired a Harrington & Richardson shotgun, model 490, with no serial number, a barrel length of 11.75 inches, and a total length of 19.25 inches. After Corzine got the gun, he gave it to Brown, and she sold it for $155. Unfortunately for Corzine and Brown, the buyer was a confidential informant, who delivered the weapon to undercover agents. Corzine and Brown were then arrested.[1]

Corzine pled guilty on September 28, 2011 pursuant to a Rule 11 Plea Agreement. The plea agreement established that the parties disagreed "about the sentencing range to be used or sentence to be imposed in this case." Rule 11 Plea Agreement 12, *United States v. Corzine*, No 4:11CR50 (N.D. Ohio Nov. 14, 2011). Rather, the agreement indicated those determinations would be made by the sentencing court: "Defendant understands that the Criminal History Category will be determined by the Court," *id*. at 16; "Defendant understands that the advisory guideline range will be determined by the Court at the time of sentencing." *Id*. at 11.

The probation department prepared a pre sentence investigation report (PSR) identifying Corzine's criminal history as a category three. The PSR provided that Corzine had accumulated six

---

[1]Brown pled guilty and on November 3, 2011, she was sentenced to a term of twenty-seven months' imprisonment for her participation in the crime.

criminal history points. Corzine filed a sentencing memorandum objecting to how the guidelines were applied to his criminal history in three distinct ways.

He first argued that two offenses — each scored as one criminal history point in the PSR — were sentences for public intoxication, which "are never counted" pursuant to U.S. Sentencing Guidelines Manual § 4A1.2(c) (2011). Def. Corzine Sent. Mem. 4, 5, *United States v. Corzine*, No 4:11CR50 (N.D. Ohio Jan. 30, 2012).

Next, Corzine objected to the application of two criminal history points for an offense adjudicated on October 29, 2008. *Id*. at 5. Corzine argued that because the PSR indicated a sentence of one to ninety days for this offense, the government had not met its burden of establishing a prior sentence of at least sixty days, as required to impose two criminal history points. *Id*. *See* U.S. Sentencing Guidelines Manual § 4A1.1(b) (2011). Corzine claimed only one point should attach for this conviction.

Finally, Corzine objected to the three points assessed in paragraphs 33–35 of the PSR. Def. Corzine Sent. Mem. 5. He contended that the three underlying offenses were sentenced on the same day, January 31, 2011, and were not separated by an intervening arrest. *Id*. Corzine alleged that such offenses, all charged by the same instrument on August 2, 2010, should not count as distinct sentences. *Id*. *See* U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2011) ("If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day."). According to Corzine's calculations, his criminal history points totaled two points — not six.

Corzine was sentenced on April 3, 2012. During the sentencing hearing, the court discussed various factors that would affect the sentence, noting that Corzine was 20 years old, had a ninth grade education, and a dependent child. A number of letters written by Corzine's family were also reviewed.

The court next focused on the offense itself. Transferring a sawed-off shotgun carries a base offense level of 18. Three levels were deducted because of Corzine's acceptance of responsibility. Sent. Tr. 10. The government then moved for a further reduction given Corzine's cooperation in the case, and the final offense level was determined to be 13. *Id.* at 20. The court also recited Corzine's lengthy criminal history, including numerous juvenile charges, and charges as an adult for menacing, criminal damaging, assault, receiving stolen property, and obstructing official business. The court referred to the PSR, which concluded Corzine's record warranted six criminal history points and a corresponding category three criminal history. *Id.* at 12. As noted, however, Corzine had previously submitted written objections to that PSR and those calculations.

After stating the criminal history and offense level, the court solicited objections. The defense again objected to Corzine's criminal history, reiterating the argument that Corzine's criminal history was at most three points, not six, and his corresponding criminal history category was two, not three. When a criminal history category of two is combined with an offense level of 13, the Guidelines advise a sentence between 15 and 21 months, which defense counsel requested. The government responded by outlining a different approach resulting in six points and a category three criminal history. The government asked for the corresponding Guidelines sentence: between 18 and

24 months.  Without addressing the objection, the court asked if there were any other objections.  None were offered.

The court then entertained statements by defense counsel, Corzine, and his mother.  Counsel talked about Corzine's family history and drug abuse.  He asked the court to include drug treatment, mental health treatment, and employment conditions in the sentence.  Corzine apologized for appearing before the court under the circumstances, and related his intention of getting his GED and going to college.  Corzine's mother talked about Corzine's growth as a man, and asked the court to take into consideration his acknowledgment of responsibility.

After thanking Corzine's mother, and without further hesitation, the court imposed a sentence of twenty-four months' imprisonment, three years' supervised release, and a $100 special assessment.  The court did not affirmatively address defense counsel's objections to Corzine's criminal history; it did not establish whether Corzine's criminal history fell into category two or three; and it did not identify what Guidelines range it was applying.

As the hearing came to a close, defense counsel stated that he had to preserve the record on a few items pursuant to *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004).  He then reiterated his objection to Corzine's criminal history and his belief that the sentence was substantively unreasonable given Brown's 27-month sentence.  With that, the proceedings came to a close.  Corzine then timely filed this appeal.

## II

We review a district court's sentencing determination for reasonableness "under a deferential abuse-of-discretion standard," which includes both a procedural and a substantive component.

5

*United States v. Alexander*, 543 F.3d 819, 821–22 (6th Cir. 2008) (quoting *Gall v. United States*, 552

U.S. 38, 40 (2007)). The first determination is whether the district court abused its sentencing

discretion by committing a significant procedural error. *Gall*, 552 U.S. at 51; *United States v. Webb*,

403 F.3d 373, 383 (6th Cir. 2005). Significant procedural errors include "failing to calculate (or

improperly calculating) the Guidelines range . . . failing to consider the § 3553(a) factors . . . or

failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51; *United States v. Baker*, 559

F.3d 443, 448 (6th Cir. 2009).

Additionally, after sentencing a defendant, district courts must "ask the parties whether they

have any objections to the sentence just pronounced that have not previously been raised." *Bostic*,

371 F.3d at 872. If a party then fails to clearly articulate an objection when given this final

opportunity, that party "will face plain error review on appeal." *Id.* at 872–73.

If the sentence is procedurally reasonable, the court must next consider whether the sentence

is substantively reasonable under the totality of the circumstances. *Alexander*, 543 F.3d at 822;

*Baker*, 559 F.3d at 448. A sentence is substantively unreasonable if the district court "selects a

sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing

factors, or gives an unreasonable amount of weight to any pertinent factor." *Baker*, 559 F.3d at 448

(quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). Congress has instructed

district courts to impose "'a sentence sufficient, but not greater than necessary, to comply with the

purposes' of sentencing." *Alexander*, 543 F.3d at 822 (quoting § 3553(a); *United States v. Foreman*,

436 F.3d 638, 644 n.1 (6th Cir. 2006)). In this Circuit, there is a rebuttable presumption of

reasonableness if the sentence falls within a properly-calculated Guidelines range. *Baker*, 559 F.3d at 448; *Alexander*, 543 F.3d at 822; *United States v. Heriot*, 496 F.3d 601, 608 (6th Cir. 2007).

### III

The district judge in this case did not satisfy the procedural requirements for imposing a sentence.

### A

First, the district court did not address Corzine's objection to his criminal history score, which renders the sentence procedurally unreasonable.

Federal Rule of Criminal Procedure 32(i)(3)(B) provides: "At sentencing, the court . . . must — for any disputed portion of the presentence report or other controverted matter — rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." When a matter is disputed at sentencing, as in this case, "literal compliance" with Rule 32(i)(3)(B) is required. *United States v. Ross*, 502 F.3d 521, 531 (6th Cir. 2007). And when the disputed issue affects the defendant's sentence, literal compliance necessitates that the district court "affirmatively rule." *Id*. The reason for the rule is straightforward: affirmatively ruling on objections "enhances the accuracy of the sentence and the clarity of the record." *Id*. (brackets omitted) (quoting *United States v. Treadway*, 328 F.3d 878, 886 (6th Cir. 2003)).

Here, the district court did not comply with the requirements of Rule 32(i)(3)(B). Defense counsel twice objected to the calculation of Corzine's criminal history category, and this question carried significant weight for determining Corzine's sentence. If he was found to be a category three

criminal offender, combined with an offense level of thirteen, the advisory Guidelines advise an 18–24 month sentence. If category two, the advisory Guidelines advise only 15–21 months. Defense counsel's objections on this issue required an affirmative ruling, but the court did not provide one. This is a procedural error.

Arguing against this conclusion, the government asserts that the district court did rule on this dispute because it "agreed with the government that Corzine was a Criminal History III." Appellee Br. 12. The government further argues that defense counsel's reservation of the objection pursuant to *Bostic* "demonstrat[ed] that counsel understood that the court had ruled adversely to Corzine on that issue." *Id*.

The transcript of the sentencing hearing, however, undercuts the government's claim. Michael Sullivan, the Assistant United States Attorney, ended his argument concerning Corzine's criminal history with the following exchange with the court:

> Mr. Sullivan: That's a total of six points. Apparently, the Guidelines say that for single points the most you can do is four, so it would be four criminal history points.
>
> The Court: Right.
>
> Mr. Sullivan: Which would correspond to a criminal history level for category three.
>
> The Court: Okay. Any other objections?

Sent. Tr. 25. The government claims this colloquy constituted the necessary affirmative ruling, grounding its contention on the court's responses: "Right" and "Okay."

But "Right" is not a ruling. It could have been, for example, a response to the statement, "Apparently, the Guidelines say that for single points the most you can do is four." "Okay" is similarly not a definitive ruling on the objection — but rather could have been the court's acknowledgment that the government had concluded its response. How the court decided the issue is not clear. Based on the transcript, one cannot determine whether the court agreed that Corzine was a level-two or a level-three offender. There is no way of knowing whether the court imposed a sentence at the ceiling of an 18–24 month range or varied from a 15–21 month range.

The district court abused its discretion by not clearly, affirmatively ruling on Corzine's criminal history objections during his sentencing hearing. Corzine's sentence thus lacks the required procedural foundation to be upheld.

**B**

In addition, the district court never articulated the applicable Guidelines range during the sentencing hearing — which constitutes plain error.

The Supreme Court instructs that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall*, 552 U.S. at 49 (citing *Rita v. United States*, 551 U.S. 338 (2007)). This administrative burden is not a meaningless formality, "but rather assure[s] that the court has properly calculated the applicable Guidelines range, and that adequate explanation is provided to allow for meaningful appellate review and the perception of a fair sentence." *United States v. Blackie*, 548 F.3d 395, 401 (6th Cir. 2008); *see also United States v. Johnson*, 356 F. App'x 785, 794 (6th Cir. 2009).

This Court "has vacated sentences as procedurally unreasonable where a district court fails to reference the defendant's applicable Guidelines range." *United States v. Romanini*, Case No. 11-3670, 2012 WL 4944772, at *6 (6th Cir. Oct. 17, 2012) (unpublished). Not calculating the applicable Guidelines range constitutes plain error. *Blackie*, 548 F.3d at 403. In *Blackie*, for example, the district court acknowledged the defendant's offense level and criminal category, "but failed to state the corresponding Guideline range." *Id*. at 401. Reversing, the Sixth Circuit concluded that "the district court *plainly* erred when it did not refer to the applicable Guidelines range[.]" *Id*. at 401 (emphasis in original).

The same must be said here — the district court did not establish the advisory Guidelines range that would apply to Corzine. Although defense counsel did not object to this omission during the hearing, the lack of objection is immaterial. Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

*United States v. McClain*, 429 F. App'x 538 (6th Cir. 2011), is instructive. There, the sentencing court did not establish the defendant's Guidelines range on the record. Although this was error, the Sixth Circuit determined the sentence need not be vacated because the sentencing court had "correctly calculated his base offense level and criminal history category and gave him a within-Guidelines sentence. Furthermore, the district court adequately explained the sentence." *Id*. at 542. This Court indicated, "It appears from the overall record that the district court was aware of the correct Guidelines range, and it provided enough information and reasoning to enable us to conduct meaningful appellate review." *Id*. Consequently, the defendant could not demonstrate the

error "affected his substantial rights and therefore [could not] satisfy the requirements under our plain error review." *Id.*

The court's error in this case is not analogous. As noted, the court did not resolve the objections to Corzine's criminal history score. Had the court at least stated Corzine's advisory Guidelines range, there would be less ambiguity as to which criminal history category it was applying. But, of course, the district court did not do so. Because the court did not identify Corzine's criminal history category, nor his advisory Guidelines range, the district court not only plainly erred, but affected Corzine's substantial rights in doing so.

The record does not provide the information and reasoning necessary for meaningful review. Such uncertainty undermines the integrity of the proceedings, and cannot be overlooked. Corzine's sentence is procedurally unreasonable, and will be reversed.[3]

**IV**

We vacate Corzine's sentence and remand for resentencing.

---

[3]A review of a sentence's substantive reasonableness can be reached "[i]f, and only if, the district court's sentencing decision is procedurally sound." *Alexander*, 543 F.3d at 822. As the sentence is this case is not procedurally sound, we will not review its substantive reasonableness.