**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a1029n.06

**No. 13-3414**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Dec 16, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| HECTOR R. CHAVEZ, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MERRITT, SUTTON and STRANCH, Circuit Judges.

SUTTON, Circuit Judge.  Hector R. Chavez appeals his 120-month sentence for conspiring to possess cocaine with the intent to distribute it.  Because everyone—including the government—agrees that the district court erred by failing to determine whether Chavez qualified as an organizer or leader of the criminal enterprise subject to a four-level aggravating-role enhancement, we vacate Chavez's sentence and remand for resentencing.

Chavez pleaded guilty to conspiring to possess at least five kilograms of cocaine with the intent to distribute it.  R. 35 at 2–3; R. 477 at 3.  The plea agreement specified the guidelines calculation for Chavez's offense, but Chavez reserved the right "to argue against the application of the four (4) level enhancement for [playing an] aggravating role" in the crime pursuant to U.S.S.G. § 3B1.1(a).  R. 477 at 5.  And Chavez did just that—objecting to application of the enhancement in

his sentencing memorandum and during argument at his sentencing hearing. R. 619 at 3–6; R. 660 at 11–41.

Despite these objections, the district court made no specific finding about whether the facts supported an aggravating-role enhancement in Chavez's case. *See* R. 660 at 39. It instead accepted the guidelines calculations in Chavez's presentence report and sentenced him based on the guidelines range that corresponded with those calculations. *Id.* In light of Criminal Rule 32(i)'s requirement that the district court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute," the district court's silent acquiescence to the presentence report's application of the aggravating-role enhancement constitutes a reversible procedural error. *See United States v. Ross*, 502 F.3d 521, 531 (6th Cir. 2007) (requiring "literal compliance" with Rule 32(i), meaning the district court "may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence" (internal quotation marks omitted)); *see also United States v. Corzine*, 513 F. App'x 452, 456–57 (6th Cir. 2013) (vacating and remanding for resentencing because the district court did not affirmatively rule on a disputed issue).

We decline Chavez's invitation to consider the applicability of the aggravating-role enhancement in the first instance on appeal. Consistent with our customary practice, we vacate Chavez's sentence and remand for a second sentencing hearing so that the district judge may rule on the applicability of the aggravating-role enhancement and on the related issue of Chavez's eligibility for the safety valve benefit under U.S.S.G. § 5C1.2.

For these reasons, we vacate Chavez's sentence and remand for resentencing.