NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0980n.06

No. 13-1235

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 20, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JUAN JOSE MORALES-MARTINEZ, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | OPINION |

Before: DAUGHTERY, KETHLEDGE and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.**  Juan Jose Morales-Martinez (Defendant-Appellant) appeals the district court's application of a four-level increase to his base offense level under § 3B1.1(a) of the United States Sentencing Guidelines ("U.S.S.G.") for his "leadership role" in a conspiracy to produce and distribute fraudulent identification documents.  Appellant concedes that he was subject to an enhancement under U.S.S.G. § 3B1.1, but contends that the district court should only have applied the lesser two-level increase under U.S.S.G. § 3B1.1(c).  For the reasons set forth below, we AFFIRM the district court's determination to the contrary.

I.

Appellant was sentenced to a 46-month term of imprisonment after he pleaded guilty to participating in a conspiracy to produce and traffic in fraudulent identification documents.  The

underlying indictment named ten co-conspirators involved in the scheme, including two of the Appellant's brothers and several other relatives. Several other persons who were involved in the operation, including Appellant's girlfriend, were not named in the indictment. Appellant's role in the scheme involved manufacturing the fraudulent identifications, teaching others how to manufacture the documents, recruiting business through the use of at least one "agent," and distributing the documents with the help of other persons named and not named in the indictment. At sentencing, the Government argued that Appellant should receive a four-level enhancement under U.S.S.G. § 3B1.1(a) based on evidence that Appellant held a "leadership role" in a criminal activity involving more than five persons. Appellant countered that he should only be subject to a two-level enhancement under U.S.S.G. § 3B1.1(c) because he was not a "leader" in the operation and because his role in the operation involved giving directives to fewer than five persons. The thrust of Appellant's argument in the district court, and now, is that he and his brothers were each independently running their own operations, and that he only exerted any level of control over two persons in his own operation. According to Appellant, the four-level increase under U.S.S.G. § 3B1.1(c) should not apply to his case because he had a leadership role over fewer than five persons. The district court found, by a preponderance of the evidence, that Appellant was one of three brothers who held a leadership role in an illicit "family business," in which the total number of persons involved went well beyond the minimum five persons required to substantiate the application of U.S.S.G. § 3B1.1(a). As for Appellant's role in the conspiracy, the district court found that Appellant had recruited and paid multiple individuals involved in the scheme, including a driver and delivery person, as well as a sales agent of sorts, who recruited potential customers in

exchange for a commission. It also considered the sophisticated nature of the operation, which appears to have been ongoing for over eight years, during which time Appellant appeared to maintain a pivotal role in the careful strategic management of cash, inventory, equipment, customer supply, security, and complex concealment efforts to stay under the law enforcement radar. After considering these and a number of other factors, the district court determined that Appellant had an "organizing, animating influence" in the illicit business, even if Appellant's claim that he was independent from his brothers' operations was true. Accordingly, the district court concluded that the four-level increase to Appellant's base offense level was warranted under U.S.S.G. § 3B1.1(a) and sentenced him to a 46-month term of imprisonment. Appellant filed timely notice of appeal, arguing that his sentence was unreasonable because it was based on the district court's improper application the four-level enhancement for a leadership role under U.S.S.G. § 3B1.1(a).

II.

We review a district court's sentencing decisions for reasonableness, under the abuse-of-discretion standard. *United States v. Jeross,* 521 F.3d 562, 569 (6th Cir. 2008) (citing *Gall v. United States,* 552 U.S. 38 (2007); *United States v. Carter,* 510 F.3d 593, 600 (6th Cir.2007); *see also United States v. Vasquez,* 560 F.3d 461, 473 (6th Cir.2009). In doing so, we typically review the district court's fact findings for clear error and its legal interpretation of the Guidelines de novo. *Jeross,* 521 F.3d at 569 (citing *States v. Hazelwood,* 398 F.3d 792, 795 (6th Cir.2005); *United States v. Cousins,* 469 F.3d 572, 575 (6th Cir.2006)). The standard of review for a district court's application of a sentencing enhancement under U.S.S.G. § 3B1.1, however, is more deferential.

*United States v. Washington*, 715 F. 3d 975, 983 (6th Cir. 2013) ("[because] Section 3B1.1 enhancement[s] . . . depend[] on a number of factual nuances that a district court is better positioned to evaluate") (applying *Buford v. United States,* 532 U.S. 59 (2001)).

Under U.S.S.G. § 3B1.1, an enhancement of two-to-four levels is applied to the base offense level of a defendant who had an "aggravating role" in the underlying offense. Depending on the defendant's role in the offense, the base offense level is increased as follows:

(a)     If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

(b)     If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

(c)     If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

U.S.S.G. § 3B1.1.

Put simply, where the criminal activity involved more than five persons, a defendant with a leadership role is subject to a 4-level increase, while a defendant who held a managerial or supervisory role receives a 3-level increase to the base offense level at sentencing. U.S.S.G. § 3B1.1(a),(b). A defendant whose sentence is enhanced under U.S.S.G. § 3B1.1(a) or (b) need not directly supervise more than five persons, so long as the defendant exerted some level of control or influence over at least one of five or more persons involved in the criminal activity. *United States v. Baker,* 559 F.3d 443, 449 (6th Cir. 2009) (citing *United States v. Robinson,* 503 F. 3d 522, 529 (6th Cir. 2007)). Where the underlying criminal activity involved fewer than a total of five persons,

however, a defendant's leadership or managerial role in the operation will result only in a 2-level increase to the base offense level at sentencing. U.S.S.G. § 3B1.1 (c).

The government has the burden of proving Appellant's aggravating role by a preponderance of the evidence. *See United States v. Dupree,* 323 F.3d 480, 491 (6th Cir.2003). Factors the court should consider include: 1) exercise of decision-making authority, 2) the nature of participation in the commission of the offense, 3) the recruitment of accomplices, 4) the claimed right to a larger share of the fruits of the crime, 5) the degree of participation in planning or organizing the offense, 6) the nature and scope of the illegal activity, and 7) the degree of control and authority exercised over others. U.S.S.G. § 3B1.1, cmt. n.4; *United States v. Lalonde*, 509 F.3d 750, 765 (6th Cir.2007); *United States v. Moncivais*, 492 F.3d 652, 660 (6th Cir. 2007). *See also Solorio*, 337 F.3d 580, 600-01 (6th Cir. 2003). While it is not necessary that the court find evidence of each factor in order to assess the propriety of an enhancement under U.S.S.G. § 3B1.1, the district court should support its enhancement determination by consulting these factors and providing a statement of reasons for its determination regarding these factors. *United States v. Alexander*, 59 F.3d 36, 38-40 (6th Cir. 1995); *accord United States v. Caseslorente*, 220 F.3d 727, 736 (6th Cir. 2000); s*ee also Dupree*, 323 F.3d at 493-94.

## III.

Appellant concedes that he was subject to an enhancement under U.S.S.G. § 3B1.1 for his "aggravating role" in the conspiracy, but contends that the district court should have only applied the lesser two-level increase under subsection (c) rather than the four-level increase under subsection

(a), because he only conspired with two other persons, and did not lead or supervise any of the other persons involved in the illegal scheme to manufacture and sell fraudulent identification documents. Appellant does not contest that the illegal scheme involved more than five persons; he simply argues that the scope of his leadership role only involved exercising authority over two other persons.

Appellant's argument is based on the premise that U.S.S.G § 3B1.1(a) only applies to a defendant who exerts direct control over five or more persons. This interpretation is incorrect, because U.S.S.G § 3B1.1(a) applies even if a defendant only exerts control or influence over a single person in a larger criminal scheme involving five or more persons. *See Baker,* 559 F.3d at 449. Therefore, although the record appears to contradict Appellant's contention that his leadership role in the conspiracy was limited to exercising authority over two other persons, this case is easily resolved even if we accept his position.

The district court's factual determination that the larger conspiracy involved more than five persons was clearly supported by the record, and is not contested by Appellant. The district court then expressly considered several of the seven factors under U.S.S.G § 3B1.1 to conclude that Appellant was a leader of the conspiracy because his role in the operation was extensive and involved exercising some level of authority over others. Moreover, Appellant himself concedes that he exercised leadership over two co-conspirators.

This Court's precedent clearly supports the conclusion that a defendant who exercises leadership over two persons in a criminal activity that involved five or more persons is subject to the four-level enhancement under U.S.S.G § 3B1.1(a). *See Baker,* 559 F.3d at 449. Thus, Appellant's argument is based on a misinterpretation of applicable law and therefore fails.

IV.

We agree with the district court that Appellant maintained a leadership role in a conspiracy to produce and distribute fraudulent identification documents that involved more than five persons. Accordingly, we AFFIRM the district court's sentencing determination that Appellant was subject to the four-level increase in his base offense level at sentencing pursuant to U.S.S.G § 3B1.1(a).