NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 15a0790n.06

Nos. 14-6201/15-5109

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Dec 04, 2015 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| SETH JOHNSTON, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: COLE, Chief Judge; SUTTON, Circuit Judge; BELL, District Judge.[*]

PER CURIAM. Seth Johnston appeals his sentence.

Johnston, a former attorney, pleaded guilty to two counts of mail fraud, in violation of 18 U.S.C. § 1341, wire fraud, in violation of 18 U.S.C. § 1343, conspiracy to obstruct justice, in violation of 18 U.S.C. § 1512(k), conspiracy to distribute synthetic marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and attempting to evade or defeat a tax, in violation of 26 U.S.C. § 7201. Johnston's crimes, as relevant to this appeal, included several fraudulent schemes. In one scheme, Johnston's former law firm was hired to assist with collecting on a judgment that hundreds of plaintiffs obtained in a class action lawsuit. Johnston diverted for his personal use the proceeds of certain checks that were intended to satisfy a portion of the judgment. In another scheme, Johnston, who was hired to represent the estate of a deceased

---

[*] The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

individual, hid assets and diverted money from the rightful heirs for his own benefit and for the benefit of the estate's executor. In the final scheme, Johnston misappropriated his client's funds that he was given access to for the purpose of establishing several limited liability companies and bank accounts.

The district court determined that, based on his total offense level of 41 and criminal history category of II, Johnston's guidelines range of imprisonment was 360 months to life. The court varied downward, however, and sentenced Johnston to an aggregate term of 240 months in prison. Johnston appealed his sentence, and the appeal was docketed as Case No. 14-6201. The district court subsequently entered a restitution order. Johnston appealed the order, and his appeal was docketed as Case No. 15-5109. The appeals have been consolidated for submission.

On appeal, Johnston raises the following challenges to his sentence: (1) the district court erred by imposing a six-level increase under USSG § 2B1.1(b)(2)(C) based on the number of victims; (2) the district court erred by failing to reduce the loss amount by the value of certain pledged collateral; (3) the district court improperly inflated the loss amount with money that was never removed from the accounts of the limited liability companies; (4) the district court improperly grouped his fraud and obstruction of justice offenses; (5) the district court erred by imposing a two-level increase under USSG § 3B1.1(c) for his role in the offense; (6) the district court erred by imposing a two-level increase under USSG § 2B1.1(b)(9)(C) for his violation of a prior judicial order; (7) the district court erred by denying him an offense level reduction under USSG § 3E1.1 for acceptance of responsibility; (8) the district court erred by imposing a two-level increase under USSG § 2B1.1(b)(10)(C) based on its finding that his fraud offenses involved sophisticated means; and (9) his sentence is procedurally and substantively unreasonable.

Johnston first argues that the district court erred by imposing a six-level increase under § 2B1.1(b)(2)(C) based on its finding that there were more than 250 victims. Johnston contends that the 382 class action plaintiffs should not be counted as victims because their losses were necessarily temporary, given that they would be reimbursed either by Miller & Wells, his former law firm, or by Angela Ford, the lawyer who had obtained judgment for the plaintiffs and who was overseeing the collection effort. Johnston further contends that, for two reasons, the class action plaintiffs suffered no losses and were therefore not victims: (1) because he maintained their diverted funds in a client escrow account; and (2) because the amount of loss was offset by the value of legal services that he provided to the plaintiffs after leaving Miller & Wells.

We review a district court's legal interpretation of the guidelines de novo and its factual findings for clear error. *United States v. Stubblefield*, 682 F.3d 502, 510 (6th Cir. 2012). Whether a person is a victim under the guidelines is a legal conclusion that we review de novo. *Id.* Section 2B1.1(b)(2)(C) of the guidelines provides for a six-level increase if an offense involves 250 or more victims. A victim is "any person who sustained any part of the actual loss." USSG § 2B1.1 cmt. n.1. Actual loss is the reasonably foreseeable pecuniary harm that resulted from the offense. USSG § 2B1.1 cmt. n.3(A)(i).

The district court properly concluded that the 382 class action plaintiffs were victims for purposes of the enhancement under § 2B1.1(b)(2)(C). The plaintiffs suffered a pecuniary loss because Johnston diverted funds that would have otherwise been distributed to them. The fact that the plaintiffs may have been able to obtain reimbursement for their losses from Miller & Wells or Ford does not negate their status as victims because the nature of the plaintiffs' relationship with Miller & Wells and Ford did not render their losses necessarily temporary or their reimbursement automatic. *See Stubblefield*, 682 F.3d at 511-12; *United States v.*

*Erpenbeck*, 532 F.3d 423, 442 (6th Cir. 2008). In addition, Johnston was not entitled to offset the plaintiffs' losses with funds in his client escrow account because he failed to return the diverted funds to the plaintiffs before his offenses were detected. *See* USSG § 2B1.1 cmt. n.3(E)(i). Finally, the district court properly determined that Johnston was not entitled to offset the plaintiffs' losses with the value of legal services he provided to them after leaving Miller & Wells. The court concluded that Johnston did not provide any service for which he was unpaid, and that finding was not clearly erroneous, given Ford's testimony that Johnston performed no significant work for the plaintiffs after leaving Miller & Wells.

Johnston next argues that the district court erred by failing to reduce the loss amount by the value of certain pledged collateral. In a case involving collateral pledged or otherwise provided by the defendant, a district court must reduce the loss amount by the amount recovered at the time of sentencing from disposition of the collateral or, if the collateral has not been disposed of, by the fair market value of the collateral at the time of sentencing. USSG § 2B1.1 cmt. n.3(E)(ii). The district court properly denied Johnston an offset because he did not pledge or otherwise provide collateral in any of his fraudulent schemes. *See United States v. Terbrack*, 399 F. App'x 105, 108 (6th Cir. 2010).

Johnston next argues that the district court improperly inflated the loss amount by $1,157,517.08 that was never removed from the accounts of the limited liability companies. Any error that occurred is harmless, however, because, even if the contested amount were excluded from the loss calculation, the total loss would still exceed $2.5 million and Johnston would be subject to the same 18-level enhancement under USSG § 2B1.1(b)(1)(J). *See United States v. Tran*, 609 F. App'x 295, 301 (6th Cir. 2015).

- 4 -

Johnston next argues that, when calculating his guidelines range, the district court improperly grouped his fraud and obstruction of justice offenses because they involved different victims. Because Johnston did not raise this argument in the district court, we review it for plain error only. *See United States v. Vonner*, 516 F.3d 382, 385−86 (6th Cir. 2008) (en banc). The district court did not plainly err by grouping the mail and wire fraud convictions because their offense level was determined largely on the basis of the total amount of harm or loss. *See* USSG § 3D1.2(d) & cmt. n.6. And the court did not plainly err by grouping the obstruction of justice offense with the fraud offenses because the obstruction offense is treated as an adjustment to the guidelines applicable to the fraud offenses. *See* USSG §§ 3C1.1 & cmt. n.8, 3D1.2(c).

Johnston next argues that the district court erred by adopting the recommendation in the presentence report to impose a two-level increase under § 3B1.1(c) based on his status as an organizer, leader, manager, or supervisor of criminal activity. Johnston did not raise this issue in his written objections to the presentence report, but, during the evidentiary hearing that the district court conducted to consider objections, defense counsel informed the court that the role enhancement was at issue. The court adopted the calculations in the presentence report, but it did not specifically address the role enhancement at the hearing or in its subsequent written opinion. Johnston again objected to the role enhancement in his motion for a variance that he filed prior to the sentencing hearing, and, although the district court acknowledged the motion, it again failed to specifically address the role enhancement. Because the district court failed to affirmatively rule on the disputed role enhancement, procedural error occurred, and we must remand for resentencing. *See* Fed. R. Crim. P. 32(i)(3)(B); *United States v. Ross*, 502 F.3d 521, 531 (6th Cir. 2007); *see also United States v. Chavez*, 547 F. App'x 772, 772 (6th Cir. 2013).

Johnston next argues that the district court erred by imposing a two-level increase under § 2B1.1(b)(9)(C). That subsection applies where a defendant commits a fraud in violation of a prior, specific judicial order not addressed elsewhere in the guidelines. USSG § 2B1.1(b)(9)(C) & cmt. n.8(C). The district court properly applied the two-level increase, given the evidence that Johnston and the executor of the estate he represented fraudulently diverted estate assets in violation of a probate court's order to distribute the assets to the rightful beneficiaries, or at the very least, Johnston aided and abetted the diversion.

Johnston next argues that the district court erred by denying him an offense level reduction under § 3E1.1 for acceptance of responsibility after accepting his plea agreement, which recommended the reduction. Defendants who receive an enhancement for obstruction of justice are eligible for a reduction based on acceptance of responsibility only in extraordinary cases. *United States v. Angel*, 355 F.3d 462, 477 (6th Cir. 2004). By its terms, the sentencing recommendation in the plea agreement was not binding on the district court. And the court did not err by denying Johnston a reduction for acceptance of responsibility, given the evidence that he directed the destruction of documents relevant to his case and violated the court's order to refrain from contact with his co-defendants.

Johnston next argues that the district court erred by applying a two-level enhancement under § 2B1.1(b)(10)(C) based on its conclusion that his fraud offenses involved sophisticated means. A sophisticated-means enhancement is appropriate where an offense involves especially complex or intricate conduct pertaining to the execution or concealment of the offense. USSG § 2B1.1 cmt. n.9(B). The district court did not err by applying the enhancement, given the evidence that Johnston's fraud offenses involved a complex scheme of money transfers and the use of fraudulent bank documents. *See United States v. Kennedy*, 714 F.3d 951, 961 (6th Cir.

2013). In addition, Johnston's reliance on a proposed amendment to the commentary of § 2B1.1 is misplaced because the Sentencing Commission has not yet adopted the amendment. USSG § 2B1.1 cmt. n.9(B) (amended Nov. 1, 2015). Even if the Sentencing Commission had adopted this amendment, the revised application note appears to be a substantive change that would not be retroactively applicable to Johnston. *See* USSG § 1B1.11(b)(2); *United States v. Finley*, 600 F. App'x 964, 968 (6th Cir. 2015).

Finally, Johnston argues that his sentence is procedurally unreasonable because the district court relied on erroneous facts and substantively unreasonable because his sentence was disproportionate to similarly situated offenders. Johnston has not shown, however, that the district court based his sentence on erroneous facts. *See Gall v. United States*, 552 U.S. 38, 51 (2007). And given the need to remand the case for resentencing, we need not address Johnston's claim that his sentence is substantively unreasonable.

Accordingly, we vacate Johnston's sentence and remand to the district court for a ruling on the disputed role enhancement under USSG § 3B1.1(c) and resentencing.