**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 17a0142n.06

Case No. 15-6324

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 03, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| LAZELLE MAXWELL, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: CLAY, SUTTON, and GRIFFIN, Circuit Judges.

SUTTON, Circuit Judge. Lazelle Maxwell challenges his resentencing primarily on the ground that the district court miscalculated his guidelines range. Because any error in the guidelines calculation was harmless and because his other challenges lack merit, we affirm.

A jury convicted Maxwell of one count of conspiracy to distribute crack cocaine and one count of conspiracy to distribute heroin. 21 U.S.C. § 846. The district court sentenced him to 240 months on the first count and 120 months on the second, for a consecutive term of 360 months. We affirmed his convictions and sentence on direct appeal. *United States v. Shields*, 415 F. App'x 692 (6th Cir. 2011). In reviewing Maxwell's § 2255 motion, however, we invalidated the second count as multiplicitous and remanded for resentencing on the first count alone. *Maxwell v. United States*, 617 F. App'x 470 (6th Cir. 2015).

In the period between the two sentencing hearings, the Sentencing Commission promulgated Amendment 782. U.S.S.G. Manual app. C, amend. 782. The amendment retroactively modified the guidelines to reduce the base offense levels for some drug crimes, *id.*; U.S.S.G. § 1B1.10(d), which had the effect of reducing Maxwell's base offense level by two points—from 32 to 30.

In calculating Maxwell's guidelines range on remand, the district court did not apply the two-point reduction to Maxwell's base offense level required by Amendment 782. It also rebuffed Maxwell's suggestion that *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidated the residual clause of the career offender provision. And it applied the heroin and crack cocaine quantities for the base offense level under count one, which offset any change to Maxwell's guidelines calculation from the dismissal of the second count. These decisions, taken together with some others, yielded a range of 360 months to life—the same range used in the initial sentencing.

After determining the range, the court evaluated the § 3553 factors and determined that a term of 360 months would "meet all of the goals of sentencing" in Maxwell's case. R. 302 at 48. The court noted in the alternative that, even if Maxwell was not a career offender, a sentence of 360 months would be appropriate. In its memorandum opinion, the district court added that, had Maxwell moved for a reduction under 18 U.S.C. § 3582(c)(2) to take advantage of Amendment 782, "[r]elief would not be granted . . . because, simply put, Maxwell's crime merits the punishment determined by the Court at the time of his original and re-sentencing hearings," namely 360 months. R. 293 at 4–5.

Maxwell challenges four aspects of his new sentence: (1) his designation as a career offender under the guidelines' residual clause; (2) the court's failure to use Amendment 782 in

2

making the guidelines calculation; (3) the court's application of a two-point proximity enhancement; and (4) the court's decision not to reduce his sentence based on his post-conviction record.

For the purpose of resolving this appeal, we will accept Maxwell's first and second arguments. We thus will assume that Maxwell should not have been treated as a career offender, *see United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), though this conclusion might change after the Supreme Court decides *Beckles v. United States*, 136 S. Ct. 2510 (2016). And we will assume that the district court should have considered Amendment 782 in calculating Maxwell's advisory sentencing range, which would have lowered his base offense level by two points.

Even if we accept both contentions, any error was harmless. The district court accounted for both possibilities in resentencing Maxwell. The court held that it would have imposed a 360-month sentence even if Maxwell were not a career offender and even if it had taken Amendment 782 into account. It made these alternative findings "so there [would be] no doubt about what [the] Court's position" was. R. 302 at 24. Indeed, it stated more than once that "360 months of imprisonment [was] the minimum term" it felt was appropriate. R. 293 at 5. The district court was explicit, leaving us no meaningful room to treat either error as harmful. *See United States v. Portillo*, 630 F. App'x 594, 599 (6th Cir. 2015); *United States v. Obi*, 542 F.3d 148, 156 (6th Cir. 2008).

Maxwell's last two challenges also come up short. Section 3742 requires a district court to apply the guidelines in effect at the time of the original sentencing. *See also United States v. Taylor*, 648 F.3d 417, 424 (6th Cir. 2011). Maxwell acknowledges as much. The 2009 guidelines—those applicable here—provide for a two-point proximity enhancement. The 2015 version does not permit this enhancement—a change that Maxwell wishes to use here.

But the 2015 version of the guidelines did not apply to Maxwell's calculation, and the change was not retroactive. A court, it is true, may consider non-retroactive guidelines changes when evaluating the § 3553 factors, *id.* at 425–26. But the district court did just that. No error occurred.

A similar conclusion applies to Maxwell's argument that the court should have considered his post-conviction record. All agree that a court "may" consider evidence of post-conviction rehabilitation at resentencing. *Pepper v. United States*, 562 U.S. 476, 490 (2011). The problem for Maxwell is that the court did consider that evidence. And yet it still determined that a sentence of 360 months was appropriate. That reasoning is all the law required.

For these reasons, we affirm.

CLAY, Circuit Judge, concurring. I concur in the majority opinion's conclusion that we should affirm Maxwell's sentence. I agree with my colleagues that any sentencing error committed by the district court was harmless. However, I write to provide comments on the subject of sentencing judges rendering "alternative sentences" and their practice of making "alternative findings."

In this case, the district court accounted for the possibility that both its legal conclusions—that Maxwell was not a career offender and that Amendment 782 should not be applied—were incorrect, and decided that a sentence of 360 months was appropriate. The majority finds no fault in this practice; and indeed, our precedents seem to support this outcome. Nonetheless, not all "alternative" sentencing practices amount to harmless error. Under some circumstances, this Court cannot be certain that the legal error committed by the district court in passing sentence was harmless—despite the sentencing court resorting to the expedient of justifying the sentence by making alternative findings. *See United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008) (noting that an error is harmless only if this Court is *certain* that it had no effect on the sentence imposed) (emphasis added).[1]

For the most part, I believe that such "alternative" sentencing practices should be discouraged. Alternative sentences permit district court judges to avoid responsibility for their sentencing decisions and to make it more difficult for the appeals court to review the true bases for the district court's sentencing decisions. We should guard against the potential abuse inherent in such sentencing practices which sometimes permit the sentencing judge to impose a sentence when the sentencing judge is unsure whether the sentence is legally sustainable; in such cases,

---

[1] In the instant case, I concur because this Court has previously concluded that an error is unlikely to be harmful where the alternative sentence was within the Guidelines range. *See United States v. Steel*, 609 F. App'x 851, 855 (6th Cir. 2015). During its sentencing, the district court noted that even if its conclusions regarding the enhancements were erroneous, Maxwell's sentence of 360 months would still fall in the middle of his non-binding Guidelines range.

the alternative sentence may be little more than a "cover my flank" tactic. It behooves the court of appeals to be vigilant and concerned about any sentencing practice which could inadvertently encourage sentencing judges to avoid the difficult task of rendering sentences that are clear, well thought-out, and legally sustainable.