NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0325n.06

Case No. 16-5349

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 09, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| SETH J. JOHNSTON, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: COLE, Chief Judge; SUTTON and STRANCH, Circuit Judges.

PER CURIAM. After misappropriating funds from his clients, attorney Seth Johnston pleaded guilty to mail and wire fraud, 18 U.S.C. §§ 1341, 1343, and to three conspiracies: to obstruct justice, *id.* § 1512(k), to distribute synthetic marijuana, 21 U.S.C. §§ 841(a)(1), 846, and to evade taxes, 26 U.S.C. § 7201. In his first appeal, we rejected several challenges to his conviction and sentence. *United States v. Johnston*, 631 F. App'x 381, 383–86 (6th Cir. 2015) (per curiam). But we "vacate[d] Johnston's sentence and remand[ed] to the district court for a ruling on the disputed role enhancement under USSG § 3B1.1(c)"—acting as an organizer, leader, manager, or supervisor of criminal activity—"and resentencing." *Id.* at 386. On remand, the district court correctly imposed the two-level leadership-role enhancement, and the resentencing was otherwise procedurally and substantively sound. We affirm.

Johnston participated in several fraudulent schemes. In one, he used his former law firm to collect on a judgment and "diverted" the checks of many of the would-be beneficiaries for his own purposes. *Id.* at 383. In another, he "was hired to represent the estate of a deceased individual, hid assets and diverted money from the rightful heirs for his own benefit and for the benefit of the estate's executor." *Id.* In the last one, he "misappropriated" client funds "that he was given access to for the purpose of establishing several limited liability companies and bank accounts." *Id.*

At his initial sentencing, the court calculated an offense level of 41 and a criminal history category of II, yielding a Guidelines range of 360 months to life imprisonment. *Id.* The court varied downward and imposed a 240-month sentence. Because the court never addressed "the disputed role enhancement," however, we remanded for a ruling on the issue and for resentencing. *Id.* at 385–86.

On remand, the district court rejected Johnston's challenges to the leadership-role enhancement because "Johnston led Brett Rowlett," the executor of the defrauded estate, "in committing mail fraud." R. 158 at 10. The court again sentenced him to 240 months. Johnston appealed.

*Leadership-role enhancement.* The Guidelines provide a two-level sentencing enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." U.S.S.G. § 3B1.1(c). To qualify, the individual "must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1 cmt. (n.2). Relevant factors "include the exercise of decision making authority, the nature of participation in the commission of the offense, . . . the degree of participation in planning or organizing the

offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." *Id.* cmt. (n.4).

In imposing the enhancement, the district court reasoned that "[e]mails . . . indicate that Rowlett looked to Johnston," the estate's attorney, "for guidance during the commission of a criminal offense." R. 158 at 10. Rowlett in his own words "look[ed] up to" Johnston and promised to "do anything I can to help and anything [Johnston] ask[s] of me." R. 112 at 32. Without "a little direction from an independent forward thinker like" Johnston, Rowlett felt "like [he was] on an island." *Id.* at 32–33. Johnston admitted that he "created a structure, an idea, a concept and [] assisted [Rowlett] in following through on it." R. 113 at 119. All of the "evidence indicates that Johnston exercised the type of control and authority over others required to support the enhancement." R. 158 at 11.

The district court did not clearly err in applying the enhancement to Johnston. As the above evidence shows, he orchestrated the scheme and thus can fairly be treated as organizing or leading it under the Guidelines. *See United States v. Washington*, 715 F.3d 975, 983–84 (6th Cir. 2013).

It makes no difference that the district court did not address each factor in making this assessment. "[I]t is not necessary that the court find evidence of each factor in order to assess the propriety of an enhancement." *United States v. Morales-Martinez*, 545 F. App'x 495, 498 (6th Cir. 2013). Nor need the court recite the commentary's factors verbatim before applying this enhancement. *See United States v. Dupree*, 323 F.3d 480, 490–94 (6th Cir. 2003).

Both parties agree that Johnston led his fiancée and brother in obstructing justice. They disagree about whether we can enhance the Guidelines range for the fraud offenses based on Johnston's leadership in the obstruction offense. The issue does not affect the outcome,

3

however, as the government needed to show only that Johnston exercised control over one accomplice. *United States v. Vasquez*, 560 F.3d 461, 473 (6th Cir. 2009). Johnston's leadership of Rowlett in committing the fraud sufficed to apply the enhancement.

*Procedural reasonableness.* Johnston has now had two sentencing hearings, and the final sentence was procedurally reasonable. The district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, avoided relying on clearly erroneous facts, and adequately explained the chosen sentence and the 120-month downward variance from the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see Johnston*, 631 F. App'x at 386.

Johnston argues that the district court should have considered his post-conviction record and erred in failing to do so. The premise is correct; the conclusion is not. The district court, it is true, "'may' consider evidence of post-conviction rehabilitation at resentencing." *United States v. Maxwell*, No. 15-6324, 2017 WL 838217, at *2 (6th Cir. Mar. 3, 2017) (quoting *Pepper v. United States*, 562 U.S. 476, 490 (2011)). But the court did consider that evidence. And it still determined that a sentence of 240 months was appropriate due to "the tremendous breach of trust" that Johnston committed. R. 159 at 22–23.

Johnston adds that the court should have considered non-retroactive Guidelines amendments that would lead to a lower range had he committed the same offenses today. Federal law says that district courts must apply the guidelines in effect at the time of sentencing. 18 U.S.C. § 3742. That's how the court calculated the Guidelines range. Sure enough, a court "may consider non-retroactive guidelines changes when evaluating the § 3553 factors," *Maxwell*, 2017 WL 838217, at *2, and when deciding whether to vary from the Guidelines range. But the district court did just that. The district court judge indicated that he "underst[oo]d[]" the

argument, R. 159 at 10, but decided not to vary down any more than the earlier 120-month variance in light of the seriousness of an attorney breaching his clients' trust to steal millions of dollars from them.

The rest of Johnston's procedural reasonableness arguments turn on the contention that our previous decision—"remand[ing] to the district court for a ruling on the disputed role enhancement under USSG § 3B1.1(c) and resentencing"—was a general remand rather than a limited one. *Johnston*, 631 F. App'x at 386. The remand was in fact limited. We used the limiting language of the final paragraph to confine the scope of the district court's review to the leadership-role enhancement. *See United States v. Orlando*, 363 F.3d 596, 601 (6th Cir. 2004). Johnston cannot reargue issues he lost before.

*Substantive reasonableness.* Johnston complains that the 240-month sentence (with a 120-month downward variance) and the restitution order were substantively unreasonable. Not so. The district court did not abuse its discretion because it did not "select[] the sentence arbitrarily, bas[e] the sentence on impermissible factors, fail[] to consider pertinent § 3553(a) factors or giv[e] an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). All in all, the sentence was substantively reasonable.

Johnston persists that the district court should not have looked to the sentences other defendants received for comparable crimes. But it made sense for the district court to do just that. Section 3553(a)(6) tells district courts "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

For these reasons, we affirm.