NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0059n.06

Case No. 19-5312

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 28, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| LAZELLE MAXWELL, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | | |

_____/

Before: GUY, SUTTON, and GRIFFIN, Circuit Judges.

**RALPH B. GUY, JR., Circuit Judge.** Lazelle Maxwell is in prison, but he believes Congress provided a path for him to get out. For the past ten years, Maxwell has been serving a thirty-year sentence for a crack cocaine offense. A change in the law prompted him to ask the district court to appoint him an attorney so that he could seek relief. The district court construed the request as a motion for relief itself and denied it. Maxwell now appeals from that denial. We vacate the district court's order and remand the case.

## I. BACKGROUND

In 2009, a jury convicted Maxwell of two crimes: conspiracy to distribute crack cocaine and conspiracy to distribute heroin. 21 U.S.C. § 846. The district court sentenced him to 240 months of imprisonment on the crack cocaine count and 120 months on the heroin count. Those terms were to be served consecutively, so Maxwell received a total sentence of 360 months. After

an unsuccessful direct appeal, he sought collateral relief, pro se, under 28 U.S.C. § 2255. *See United States v. Shields*, 415 F. App'x 692 (6th Cir. 2011). The district court denied his motion to vacate but granted him a limited certificate of appealability.

When he appealed, we granted his request for counsel and ultimately determined that his trial attorney had deficiently failed to argue that the two counts were multiplicitous. *Maxwell v. United States*, 617 F. App'x 470, 473 (6th Cir. 2015). On remand, the district court resentenced Maxwell on only the crack cocaine count, but this time rendered a 360-month sentence for that count, rather than the 240-month sentence Maxwell had previously received, thus leaving his total sentence unchanged. Maxwell then appealed through appointed counsel, but we affirmed the new sentence. *United States v. Maxwell*, 678 F. App'x 395, 397 (6th Cir. 2017).

The year after we rendered our decision, the First Step Act became law. First Step Act of 2018, Pub. L. 115-391, December 21, 2018, 132 Stat. 5194. Among other things, the Act "allows courts to apply § 2(a) of the Fair Sentencing Act retroactively." *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019). That means certain prisoners serving sentences for crack-cocaine offenses can have their sentences reduced. *See* Fair Sentencing Act of 2010, § 2(a), Pub. L. 111-220, August 3, 2010, 124 Stat. 2372, 2372 (increasing threshold quantities from 5 and 50 grams to 28 and 280 grams, respectively).

Maxwell quickly attempted to take advantage of the new law. In February 2019, he mailed the following one-page letter to the district court:

> Judge Reeves,
>
> I, Lazelle Maxwell, Case No. 2:09-cr-33-DCR, Reg. No. 17943-039, request Appointment of counsel to have my case considered pursuant to Section 404(b) of the FIRST STEP ACT signed into Law on December 21, 2018, in which made the Fair Sentencing Act retroactive for defendants sentenced prior to August 2010.
>
> I reasonably believe I may be eligible for resentencing and possibly immediate release.

Soon after, the district court entered a memorandum opinion and order explaining that it would treat the letter as both "a motion to appoint counsel and a request for review of his case under the 2018 Act." *United States v. Maxwell*, No. CR 2:09-033-DCR, 2019 WL 1320045, at *1 (E.D. Ky. Mar. 22, 2019). After a lengthy analysis, the court determined that Maxwell was not eligible for a sentence reduction and thus the appointment of counsel "would be inappropriate and a waste of resources." *Id.* at *4. Maxwell now appeals from that order.

## II. DISCUSSION

The district court erred when it construed the letter as a motion for review and resolved it without further briefing. The touchstone of any given motion is the relief it seeks. *See* Fed. R. Civ. P. 7(b); *see also* 5 Wright & Miller, Federal Practice and Procedure § 1190 (3d ed. 2004) ("[A] 'request' for an admission under Rule 36 and a 'demand' for a jury trial under Rule 38(b) are not considered motions simply because they are not applications to the court for an order."). Maxwell's letter sought only one form of relief: an appointment of counsel. It did not ask the court to review his case and made no arguments on that score. Certainly, there are times when a court must connect the dots laid down by a pro se filing. In doing so, however, the court ought not deprive the filing party of the opportunity to make his arguments. *See Ross v. Moffitt*, 417 U.S. 600, 612 (1974) (recognizing the imperative "that indigents have an adequate opportunity to present their claims fairly within the adversary system"). After all, "[t]he adversary process could not function effectively without adherence to rules of procedure that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case." *Taylor v. Illinois*, 484 U.S. 400, 410–11 (1988). And "[t]ruth . . . is best discovered by powerful statements on both sides of the question." *United States v. Cronic*, 466 U.S. 648, 655 (1984) (quoting Lord Eldon).

Foregoing that process would work a particular prejudice in this context. The First Step Act gives defendants only one bite at the apple. It does not allow a court even to entertain a motion for resentencing if a previous motion was "denied after a complete review of the motion on the merits." First Step Act of 2018, § 404(c). It is not immediately clear what constitutes a complete review on the merits, but the district court's order would arguably qualify. Although the court concluded that the Act was not applicable to Maxwell, it nonetheless provided an alternative rationale when it stated, "Even if Maxwell was eligible for a sentence reduction . . . a reduction is not appropriate . . . ." *Maxwell*, 2019 WL 1320045, at *4. We often take such alternative findings into account, including in Maxwell's previous appeal. *See Maxwell*, 678 F. App'x at 396; *cf. Beamus*, 943 F.3d at 791 (observing that the district court did not reach the merits when it when it concluded only that the career-offender defendant was ineligible for relief). What is clear is that defendants seeking First-Step relief do not get a second bite at the apple. And by construing the letter as a motion, and then resolving it on the perceived merits, the district court might have deprived Maxwell of the first bite, too.

The Act's emphasis on motions frames our approach to resolving this appeal. A defendant may be resentenced under Section 404 only "on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court." First Step Act of 2018, § 404(b). We conclude that no motion occurred. Maxwell did not file a motion seeking relief under Section 404 because his letter made no arguments and sought no relief beyond the appointment of an attorney. *See* Fed. R. Civ. P. 7 ("[A] motion must . . . state with particularity the grounds for seeking the order[] and state the relief sought."). And the district court was not acting on its own motion, but merely acting on what it perceived was Maxwell's motion. There being no motion by anyone, the district court's order denying relief under Section 404 has no legal effect. We will therefore not

consider whether the denial was harmless, for there was truly no denial at all. Consequently, Section 404(c)'s previous-motion limit poses no bar for Maxwell at this time.

Maxwell did unambiguously request that the district court appoint counsel for him. Both parties agree that neither the Constitution nor statute entitled Maxwell to appointed counsel, leaving it to the district court to use its discretion. "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Mandoka*, 869 F.3d 448, 452–53 (6th Cir. 2017) (quoting *United States v. Fowler*, 819 F.3d 298, 303 (6th Cir. 2016)).

That is what happened here. The district court denied Maxwell's request for one reason: Maxwell was ineligible for relief. *Maxwell*, 2019 WL 1320045, at *4, *5. The court's reasoning rested on our decision in *United States v. Riley*, 726 F.3d 756 (6th Cir. 2013). *See id.* at *3–4. As it turns out, the district court was wrong. *See Beamus*, 943 F.3d at 791–92 (noting that "[t]he text of the First Step Act contains no freestanding exception for career offenders" and recognizing that the "decision[] in *Riley* . . . do[es] not govern resentencing under the First Step Act."). "And a decision based upon a legal mistake is an abuse of discretion." *United States v. Cota-Luna*, 891 F.3d 639, 652 (6th Cir. 2018) (Kethledge, J., concurring in the judgment) (citing *Mandoka*, 869 F.3d at 452–53). We will therefore remand the case so that the district court may reconsider Maxwell's request.[1]

Our decision to remand brings us finally to Maxwell's argument that his case should be reassigned to a different judge. The district court was clear about Maxwell's prospects for success:

> Even if Maxwell was eligible for a sentence reduction . . . a reduction is not appropriate. . . . [A] sentence of less than 360 months would not provide proper punishment, protection to the public, or deterrence (either general or specific). Instead, a lesser sentence would unduly diminish the severity of Maxwell's crime.

---

[1] Maxwell has proceeded with retained counsel on appeal but nonetheless seeks appointed counsel upon remand. The district court may wish to solicit additional briefing on the matter before ruling again.

> Ultimately, under 18 U.S.C. § 3553(a), 360 months of imprisonment is the minimum term that should be imposed. That was true in January 2010 and November 2015, and it remains true today.

*Maxwell*, 2019 WL 1320045, at *4. In Maxwell's view, the judge has prejudged his case, thus requiring reassignment. The government's sole rejoinder is that remand is unnecessary, regardless of the assigned judge. Given that we are remanding the case, however, the government's argument is irrelevant.

Reassignment is an extraordinary power—rarely invoked and then only with the greatest reluctance. *Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006). In deciding whether to do so, we consider three things:

> (1) whether the original judge would reasonably be expected to have substantial difficulty in putting out of his or her mind previously expressed views or findings; (2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id.*

Reassignment is unwarranted here. To begin, we are remanding only so that the district court may reconsider its decision about appointed counsel. On that matter, the district court has given no indication of bias or an inability to put aside prior views. The court's basis for its denial was Maxwell's perceived ineligibility, which was "a misapprehension that this opinion has cured." *Martin v. United States*, 889 F.3d 827, 836 (6th Cir. 2018). "We are therefore 'satisfied that the judge will re-visit the matter with a completely open mind.'" *Id.* (quoting *United States v. Garcia-Robles*, 640 F.3d 159, 168 (6th Cir. 2011)).

Evidently, Maxwell does intend to file a proper motion seeking relief under the First Step Act. Should he do so, however, the First Step Act does not entitle him to a fresh review in the way a remand for resentencing might. The First Step Act merely unlocks the door to resentencing so long as the crime "was committed before August 3, 2010," and its "statutory penalties . . . were

modified by section 2 or 3 of the Fair Sentencing Act of 2010." First Step Act of 2018, § 404(a). But it is still up to the district court to open that door. *See* First Step Act, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Generally speaking, we find "a benefit to having the district court judge who presided over the defendant's trial review the defendant's subsequently filed" motions for collateral relief, and allow the judge to "rely on his or her recollections of the criminal proceedings" in making a decision. *Solomon*, 467 F.3d at 935. In the event that Maxwell knocks at the door, we trust that the district court will heed its duty to consider both the factors in § 3553, along with Congress's significant decision to allow prisoners to retroactively benefit from the Fair Sentencing Act.

We therefore VACATE the district court's order of March 22, 2019 and REMAND the case.